CHARLES BRAND v. AUGUSTUS JOHNROWE, JAMES F. GRANT
AND DAVID B. OAKES.

*Taking case from jury—Held error in this case—Alteration in instrument—*
*Presumption as to the time of making.*

1. On a review of the testimony in this case the court held that it was
error not to submit it to the jury.

2. Where there is nothing suspicious upon the face or in the appearance
of a paper, raising any presumption that an alteration appearing
therein was made after its execution, it is not incumbent on the party
offering the paper in evidence to establish, by positive or direct evi-
dence, that the alteration or erasure was made before such execution,
the presumption of law being the other way.

Error to Alpena. (Emerick, J.) Argued February 11,
1886. Decided February 17, 1886.

Assumpsit on appeal bond. Plaintiff brings error.
Reversed. The facts are stated in the opinion.

*Turnbull & Dafoe*, for appellant:

The case should have been submitted to the jury: *Woodin*
*v. Durfee*, 46 Mich. 424; *Cahill's Appeal*, 48 Mich. 617;
*Duncan Heirs v. U. S.* 7 Peters, 449. From the undisputed
facts plaintiff was entitled to a verdict. Where sureties sign,
acknowledge and deliver a bond to a commissioner, for the
purpose of appealing a suit, no matter how many names may
be found in the body of the bond, they are bound by it
unless they expressly notify such commissioner that the
instrument is not to take effect until executed by the other
parties named therein: *Russell v. Freer*, 56 N. Y. 70;
*People v. Bostwick*, 32 N. Y. 445; *Duncan Heirs v. U. S.*,
7 Pet. 435; *Dair v. U. S.*, 16 Wall. 6; *State v. Peck*, 53
Me. 284; *State Bank v. Evans*, 3 Green (N. J.) 155; *Mc-*
*Cormick v. Bay City*, 23 Mich. 462; *Johnson v. Weather-*
*wax*, 9 Kansas, 75; *Phillipi Christian Church v. Har-*
*baugh*, 64 Ind. 240.

*R. J. Kelley*, for defendants:

Where several names are written in the body of a bond as

co-obligators, and one of them is called upon to sign it, he does so upon the implied understanding that he can, in case of being held responsible, not only have his right to contribution, but a further right to have it capable of proof and enforcement, according to the terms of the contract as it purported to be drawn up; and he has a right to insist that he will not be bound except upon his own terms, reasonable or unreasonable. If an estoppel is claimed, the burden of proof ought to be upon the party claiming under the bond to show what is substantially a new contract: *Johnston v. Kimball Township*, 39 Mich. 189; *Hall v. Parker*, 37 Mich. 591. As to notice to obligee, see *Fertig v. Bucher*, 3 Penn. St. 308; *Quarles v. Governor*, 10 Humph. (Tenn.) 122; *Duncan Heirs v. U. S.*, 7 Peters 435; *Pawling v. U. S.*, 4 Cranch. 219; *Pepper v. State*, 22 Ind. 399; *Fletcher v. Austin*, 11 Vt. 447; *City of Sacramento v. Dunlap*, 14 Cal. 423; *People v. Hartley*, 21 Cal. 589; *Sharp v. U. S.*, 4 Watts (Penn.) 21; *Allen v. Marney*, 65 Ind. 398.

MORSE, J. The plaintiff in this action declared upon an appeal-bond, signed and acknowledged before a circuit court commissioner of Alpena county, by the defendant Oakes as principal, and the two other defendants as sureties.

The bond was upon an appeal taken from said commissioner's judgment, in summary proceedings under the statute, for the possession of certain premises, in which proceedings a certain sum was found due for rent; and the bond contained the usual condition that in case judgment was rendered against the defendant Oakes, in the circuit court, he should pay the rent due the complainant (the plaintiff in this action) for the premises up to the time complainant obtained possession of the same.

The defendants Johnrowe and Grant pleaded, and defended on the ground that they never executed the bond in the shape and condition it was when sued upon and put in evidence upon the trial.

The bond, as presented in court, showed that it was originally written with the names of Augustus Johnrowe and Robert M. Donelly as sureties in the body of the bond; and that the name of Donelly had been erased by running a pen through it, and the name of J. F. Grant written in.

It was claimed, and Johnrowe so testified, that when he signed the bond the name of Donelly had not been erased, nor had the name of J. F. Grant been added; that he would not have signed had he not supposed that Donelly was also going to sign and acknowledge it.

Grant testified that when he signed and acknowledged it the name of Donelly was in it and his was not; but he does not swear that he expected Donelly was to sign it, but that he executed it in the shape it then was without being told anything about it. The commissioner, Newton, also testified that when Johnrowe and Grant signed and acknowledged the bond there had been no erasure or interlineation made, as he remembered it, and that the body of the instrument contained the names of Johnrowe and Donelly as sureties, and that he knew nothing of the erasure of Donelly's name and the insertion of Grant's.

The plaintiff introduced testimony tending to show that Grant said, before suit, that he signed the bond as an accommodation for Johnrowe & Donelly, who were partners; that Donelly for some reason did not wish to sign it, and that he had signed it to accommodate them, and not because he had any interest in the matter himself. This Grant denied.

Before presenting the case to the jury, the court stated that he had some doubts whether he ought to submit the case without some evidence that Mr. Johnrowe, at the time he signed the bond, or afterwards, consented to the delivery of the bond without the signature of Donelly. He stated the law correctly in saying that, in the first instance, it was not incumbent upon the plaintiff to establish, by positive or direct evidence, that the alteration or erasure was made before the time of the execution of the bond; there being nothing suspicious upon its face or in its appearance, raising any presumption that the alteration was made after execution. As he stated, the presumption was otherwise: *Munroe v. Eastman*, 31 Mich. 283; *Sirrine v. Briggs*, Id. 443; *Hommel v. Devinney*, 39 Mich. 522; *Willett v. Shepard*, 34 Mich. 106.

The court further intimated that, upon the testimony of Johnrowe, Grant, and the commissioner, he was inclined to take the case from the jury. Thereupon the counsel for plaintiff offered the testimony of witnesses to prove that the name of J. F. Grant, as written in the body of the bond, was, in their opinion, in the handwriting of the said commissioner; but without allowing this to be done, the court directed a verdict for the defendants.

We think the case should have gone to the jury. The evidence shows Donelly to have been a partner of Johnrowe at the time the bond was executed, and soon after he sold out to Grant. The commissioner testifies that Donelly refused to justify when he went to the store of Johnrowe & Donelly to get him to sign it; and then, the next morning, Grant came and signed it. He says, further:

"I never crossed the name (Donelly) out—never filled in the name of Grant—*that I know of.*"

*Question.* "You don't remember filling that in?"

*Answer.* "No, sir; I don't think it is in my handwriting."

Yet he knew that Grant was signing in the place of Donelly, and he affixed the papers of the appeal together, including this bond, and returned them to the circuit; and there is no evidence of any one tampering with them. Grant, at the time, was working in the store for Johnrowe & Donelly, and, from the intimate relations of the three men, and the circumstance of the execution of this bond, the jury might well have inferred that both Johnrowe and Grant knew that Donelly was not to execute the bond, and were satisfied to execute it without him.

The court should have allowed the evidence as to the handwriting of the alteration. If made by the commissioner, it would have been a strong corroboration of plaintiff's theory; and when the court intimated that he should direct a verdict for the defendants, for want of testimony that this alteration was made at or before the execution of the bond, he should, in justice, have permitted plaintiff to show the alteration to be in the handwriting of the commissioner.

Nothing was said either by Johnrowe or Grant to the

commissioner, that they were signing and acknowledging the bond upon the condition that Donelly should also execute it. Not more than two sureties are generally asked or required to sign bonds of this kind, and it might well be argued that this defense was an after-thought to defeat their liability.

There certainly was evidence tending to show that Grant signed with the distinct knowledge that Donelly was not to be a party to the bond, and the understanding and intention of Johnrowe, under the circumstances, were for the judgment of the jury, as they had the right to disbelieve the positive evidence given by him, and find from the circumstances, outside of his testimony, that he executed the bond with full knowledge that Donelly did not intend to join with him, or consented, after Donelly's refusal, that Grant should be substituted in his place : *Woodin v. Durfee,* 46 Mich. 427.

The judgment is reversed, with costs, and a new trial granted.

The other Justices concurred.