[No. 14562. In Bank. — March 26, 1892.]

EVA R. THOMSON, Appellant, v. PHILIP A. BET-
TENS, Sen., et al., Respondents.

Foreclosure of Mortgage — Deficiency Judgment — Assumption of
Mortgage Debt by Grantee of Mortgagor — Burden of Proof —
Agency. — In order to render the grantee of a mortgagor liable for a de-
ficiency judgment in an action to foreclose the mortgage, the mortgagee
must affirmatively show an agreement between the mortgagor and his
grantee for the assumption of the payment of the mortgage debt by the
grantee; and where such agreement is denied, and there is no direct
evidence thereof besides the evidence of the mortgagor that he bought
the land as the agent of the grantee, and transferred it to him as his
principal, and that in other cases where he had bought lands for the prin-
cipal he had assumed mortgages thereon, a finding of the trial court that
the mortgage debt was not assumed by the grantee of the mortgagor
will not be disturbed upon appeal.

Appeal from a judgment of the Superior Court of
San Diego County, and from an order denying a new
trial.

The facts are stated in the opinion.

F. W. Ewing, for Appellant.

A grantee may so contract with his grantor as to make
himself personally liable to the mortgagee. Thus where
the amount of the mortgage debt forms part of the con-
sideration of the purchase, and by the contract (oral or
written) is to be paid by the purchaser, he will be per-
sonally liable, where he has retained the amount of the
purchase-money. (*Smith v. Truslow*, 84 N. Y. 660; *Dorr
v. Peters*, 3 Edw. Ch. 132; 1 Jones on Mortgages, secs.
740, 741.) When a purchaser of real estate from a mort-
gagor assumes payment of the mortgage debt, as a part
of his consideration of his contract of purchase, there
arises out of the transaction, upon the principle of an
equitable subrogation, a cause of action for the benefit
of the mortgagee, which he may enforce by an action at
law or in equity against the purchaser. (*Pellier v. Gil-
lespie*, 67 Cal. 582; *Keedle v. Flack*, 27 Neb. 836; *Klap-
worth v. Dressler*, 13 N. J. Eq. 62; 78 Am. Dec. 69; *Biddel*

v. *Brizzolara*, 64 Cal. 354;  Boone on Mortgages, secs. 124–131; 1 Jones on Mortgages, sec. 741.)   A parol promise to the mortgagor by the purchaser to assume a mortgage may be enforced, as the contract of assumption is held to exist independent of and apart from the deed, though nearly always engrossed upon it.  And the mortgagee may enforce such contract, and obtain a judgment for deficiency against the grantee.  (*Taintor* v. *Hemingway*, 18 Hun, 458; 83 N. Y. 610;  *McDill* v. *Guin*, 43 Ind. 315; *Ketcham* v. *Brooks*, 27 N. J. Eq. 347;  *Ream* v. *Jack*, 44 Iowa, 325;  Wiltsie on Mortgage Foreclosures, secs. 224, 614;  *Klapworth* v. *Dressler*, 13 N. J. Eq. 62;  78 Am. Dec. 84, note;  Boone on Mortgages, sec. 125.)

*Works, Gibson & Titus,* for Respondent Babcock.

*Johnstone Jones,* for Respondent Bettens.

FOOTE, C. — The plaintiff, under the name of Eva R. Casady, before she became by marriage Mrs. Thomson, sold a piece of land to Philip A. Bettens, Sen., and took his promissory note for three thousand two hundred dollars, payable at a future date, with interest, and secured to be paid by a mortgage upon the land transferred by deed to Bettens.  Bettens transferred it by deed to E. S. Babcock.

The note remaining unpaid when due, Mrs. Thomson endeavored to foreclose her mortgage, and to obtain a deficiency judgment for any balance that the property might not bring at sheriff's sale against Bettens and Babcock.

The ground upon which it is sought to hold Babcock for a deficiency judgment is, as set out in the complaint, that at the date of the execution of the note and mortgage by Bettens, and of the date of the transfer of the property by deed from Bettens to Babcock, the latter "assumed and agreed with said Bettens to fully pay and discharge at maturity the promissory note and mortgage set forth herein, and all the debts and obligations evidenced thereby."

The court below found that no such assumption or agreement was made by Babcock, and thereupon refused to render any deficiency judgment against him, but ordered the mortgage foreclosed, and a deficiency judgment against Bettens.

Babcock, in his answer, denied that he had undertaken or assumed to pay the note and mortgage.

Bettens, in his answer, endeavors to relieve himself of all responsibility in the premises, except as to the foreclosure of the mortgage as against the property involved, by claiming that he was merely the agent of Babcock, and bought the property for him, and that his principal was therefore responsible for the payment of the note and mortgage.

Mrs. Thomson, when on the stand as a witness, declared that she never knew Babcock as a principal in the transaction, either from himself or Bettens.

Bettens, who, upon this state of facts, was held by the court for the deficiency, is not appealing or complaining.

There is no direct evidence at all by which it could be inferred positively that Babcock did agree with Bettens to assume and pay the note and mortgage, except what at a casual examination might seem such, — that of Bettens himself. But when we come to examine closely what he says in the light of the defense he made, — that is, that Babcock was principal and he agent, — we cannot say that such agreement was made.

It was for the plaintiff affirmatively to show that Babcock did make this agreement with Bettens, which would inure to her benefit under the rule laid down in section 1559 of the Civil Code: " A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

And under that enunciated by Mr. Justice McKee in his concurring opinion in the case of *Biddel* v. *Brizzolara*, 64 Cal. 363: " Where a purchaser of real estate from a mortgagor assumes payment of the mortgage debt, as a part of the consideration of his contract of purchase,

there arises out of the transaction, upon the principle of subrogation, a cause of action for the benefit of the mortgagee," etc. (And see also *Pellier* v. *Gillespie*, 67 Cal. 583.)

But, as we have seen, the plaintiff could not and did not give evidence as to any such express agreement. Nor do the letters of Babcock, in the record, show its existence.

When Mr. Bettens comes to testify, although he says that he had a conversation or agreement with Babcock on the day the land was mortgaged and sold by him to Babcock, he also says: " I can't state any conversation." And the perusal of the record of his testimony shows that he was going upon the general idea that he was only the agent of Babcock, and he assumes from that that Babcock was to pay the note and mortgage.

He says, again: " I came to town either the same day or shortly afterwards, and I immediately transferred this property to the defendant Babcock, he assuming the payment of the note; there was nothing said then, that I know of, or I don't recall there was anything said about it; it was simply understood I was to transfer the property to him, and he assumed the payment of all obligations; I always remained under the impression it was so worded in the deed; other deeds have it where I made purchases of land for him; under the same transaction I made other purchases for him, — a great many thousand dollars' worth; he paid the half of the others, and assumed the payment of the mortgages when I transferred them to him; when I came in after making the purchase from the plaintiff, I saw the defendant Babcock personally in his office; I told him I would go out and make a deed to him for this property; he said, ' All right,' — at least it was assented to; I do not recollect that the note or mortgage was mentioned."

It seems as if this witness, when he speaks of an understanding or agreement, means one which he alone supposed to exist, either from the fact that he was acting as the agent of Babcock, or from the fact that all the

deeds he made to Babcock of lands, except that herein involved, contained a clause binding Babcock to assume the mortgage debt resting on the property conveyed to him. For otherwise he could certainly have stated at least something of the language of such an assumption or agreement which it is claimed the defendant Babcock made.

It is not to be said, therefore, that the trial court acted without legal justification in finding, as it did, as to the issue under discussion.

For these reasons, we advise that the judgment and order refusing a new trial be affirmed.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order refusing a new trial are affirmed.