[Civ. No. 1636.   First Appellate District.—January 28, 1916.]

## E. W. LICK, Respondent, v. CHARLES W. ANDERSON et al., Defendants; MARIA OHLSEN, Appellant.

DEED—CONVEYANCE TO HUSBAND AND WIFE—TENANTS IN COMMON—AS-SUMPTION OF MORTGAGE—PERSONAL LIABILITY.—The insertion of the names of a husband and wife as grantees in a deed creates the rela-tion of tenants in common between them, and where the grantees accept such a deed containing a provision that the deed is subject to a deed of trust and also a mortgage which the grantees agree to pay, the latter become personally liable for the amount of the obli-gations which the encumbrances secure, after such security is prop-erly exhausted, even though the signature of the grantees is not appended to the deed.

ID. — LIABILITY OF WIFE — SUFFICIENCY OF EVIDENCE. — In such a case, where there was substantial evidence, in addition to that furnished upon the face of the deed and the fact that the wife several months after the execution and delivery of the deed to her husband joined in a conveyance of the property and of the title insurance policy, to the effect that she was made aware of the fact and contents of the deed, at or about the time of the transaction, and the title of the property was permitted to remain in their names as tenants in common for several months with such knowledge and without any objection on her part, the evidence is sufficient to sustain a finding that the transaction was not one in which the husband was dealing with his separate property, but that the property received by himself and his wife was community property, and that the latter was con-sulted and advised as to the same.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Adolphus E. Graupner, Judge.

The facts are stated in the opinion of the court.

Edwin H. Williams, and Harry Gaballe, for Appellant.

Robert B. Gaylord, for Respondent.

THE COURT.—This is an appeal from a judgment in plaintiff's favor, the only appellant being the defendant Maria Ohlsen.

The following are substantially the facts of the case: In the month of February, 1911, Charles W. Anderson and his wife

were the owners of a certain lot in San Francisco, upon which there was outstanding a mortgage for the sum of one thousand eight hundred dollars. During that month the Andersons executed a trust deed to E. W. Lick, the plaintiff and respondent therein, to secure their promissory note for the sum of seven hundred dollars, with interest. On April 1, 1911, they conveyed the property to Henry J. Ohlsen and Maria Ohlsen by a deed which contained the following provision: "Subject to a deed of trust for $700, dated February 23, 1911; also a certain mortgage of $1,800, dated February 23, 1911, which the grantees herein hereby agree and assume to pay." This deed was recorded on May 9, 1911. In October, 1911, the Ohlsens conveyed the property to Clara B. Lucier by a deed which recited that the property was subject to the two foregoing encumbrances. At the time of executing this deed Maria Ohlsen also executed an assignment of the title insurance policy to Clara B. Lucier. In the year 1913 the plaintiff herein, his note not having been paid, proceeded to sell the property under his trust deed, but only received at such sale the sum of $50 to be applied upon his note because of the prior encumbrances. He thereupon commenced this action against the Ohlsens to recover the balance claimed by him to be due after his security had been thus exhausted, relying upon the above-quoted provision in the deed from the Andersons to the Ohlsens. It was the contention of Maria Ohlsen upon the trial that she was not liable upon this stipulation in the Anderson deed, for the reason that the transaction was one entirely conducted by her husband; that the insertion of her name in the deed was a mere formality in which she had no part and of which she had no notice and from which she received no benefit; and that having neither signed nor received the deed containing this stipulation, nor in any way ratified or assented to the above insertion therein, no relation existed between herself and the plaintiff out of which this obligation could arise; and this is her only contention upon this appeal.

It is conceded that upon the face of the instrument upon which the respondent relies for his recovery herein the relation of tenants in common was created by the insertion of their names as grantees in the Anderson deed; and it may not be disputed that if a grantee accepts a deed containing such a provision as is above set forth, such a grantee becomes thereby

personally liable for the amount of the obligation which the encumbrance secures after such security is properly exhausted, even though the signature of such grantee is not appended to the deed. (*Tulare Co. Bank* v. *Madden,* 109 Cal. 312, [41 Pac. 1092]; *Daniels* v. *Johnson,* 129 Cal. 415, [79 Am. St. Rep. 123, 61 Pac. 1107].)

Upon the trial of this cause the findings of the court were against the foregoing contentions of the appellant, and were to the effect that the transaction by which the Andersons conveyed the lot to the Ohlsens was not one in which Henry J. Ohlsen was dealing in his separate property, but that the property received by himself and his wife was community property, and that the said Maria Ohlsen was consulted in the matter of such transaction and was advised as to the same.

The appellant insists that this finding of the court is not supported by any other evidence than that furnished by the face of the deed itself, and by the fact that several months after its execution and delivery to her husband she joined in the conveyance of the property and of the title insurance policy upon it to Clara B. Lucier. It may be conceded that under the authorities cited by appellant these facts alone might not have justified the finding and judgment of the trial court; but an inspection of the record discloses that notwithstanding the denials of the appellant, there is some substantial evidence that she was made aware of the fact and contents of the deed from the Andersons to her husband and herself at or about the time of the transaction, and that the title to the property was permitted to remain in her husband and herself as the tenants in common thereof for several months thereafter with such knowledge and without any objection on her part. The testimony of the appellant herself is, to say the least of it, equivocal with regard to these matters; and reading the record as a whole, we are unable to say that the findings of the court are unsupported by the evidence and actions of the parties before it. (*Volquards* v. *Myers,* 23 Cal. App. 500, 504, [138 Pac. 963].) This being so, we will not disturb the findings and judgment of the trial court.

Judgment affirmed.