[Civ. No. 2343.  First Appellate District.—June 28, 1918.]

## D. C. DUTTON, Respondent, v. WILLIAM LOCKE-PADDON, Appellant.

DEED OF TRUST—GRANT OF REAL PROPERTY—ASSUMPTION OF PAYMENT—EVIDENCE—COVENANT IN GRANT DEED.—An agreement on the part of the grantee of real property encumbered with a deed of trust to pay the note secured by the trust instrument is sufficiently proven by the existence of a covenant to that effect in the deed of the grantee and his recognition of its existence.

ID.—ASSUMPTION OF DEBT—NATURE OF PROMISE.—It is not necessary that there should be any formal promise on the part of the grantee of mortgaged premises to pay the mortgage to render him liable therefor if his obligation so to do appears from a consideration of the entire conveyance; it may be made orally or in a separate instrument, or it may be implied from the transaction between the parties, or it may be shown by the circumstances under which the purchase was made, as well as by the language used in the instrument.

DEED—CHANGE OF NAME OF GRANTEE—CONSENT OF GRANTOR.—A deed is not void by reason of the substitution therein after its signing and acknowledgment, but before its delivery, of the name of a different grantee, where such substitution is made with the consent of the grantor.

APPEAL from a judgment of the Superior Court of Alameda County.  J. J. Trabucco, Judge Presiding.

The facts are stated in the opinion of the court.

J. L. Smith, for Appellant.

Snook & Church, for Respondent.

KERRIGAN, J.—This is an appeal from the judgment in an action brought to recover the amount of a deficiency arising under a sale of real property by virtue of a deed of trust given to secure the payment of a certain promissory note.

Very briefly, the essential facts of the case are these: In the month of April, 1915, A. W. Morey owned a certain piece of real property which stood in the name of M. McDonough. At that time Morey was or became indebted to the plaintiff D. C. Dutton in the sum of $1,250, whereupon, at the instance of Morey, McDonough gave to plaintiff his promissory note in that amount secured by a deed of trust to said property. Thereafter, at the request of Morey, McDonough signed and acknowledged a deed conveying said property to Ella B. Morey, the wife of A. W. Morey, and wherein there was a covenant to the effect that the grantee assumed payment of said note. Ella B. Morey was not informed of the execution or existence of this deed and it was never delivered to her. Shortly after it was made Morey agreed to a trade of the land with William Locke-Paddon, the appellant herein, but instead of causing a new deed of the land to be made, he, with the consent of McDonough, altered this deed made to his wife by inserting in place of her name the name of appellant, and as so altered he delivered the deed to the appellant. The note secured by the deed of trust not being paid when due, the trustee sold the land under the terms of the trust, and after payment of the expenses of the trust the balance received from the sale was credited by plaintiff upon his note, leaving a deficiency, to recover which this action was brought.

The evidence abundantly supports the finding of the court that the appellant agreed to assume payment of the obligation secured by the deed of trust. From the circumstance that a covenant to that effect appears in his deed he is presumed to have had knowledge of its existence from the time he accepted that instrument. It was also shown that he had actual knowledge that such covenant was contained in his deed, and that the holder of the obligation intended to look to him for its payment. He not only accepted the deed burdened with this covenant, but on several occasions treated with the plaintiff concerning phases of the transaction on the basis that this covenant was contained in the deed. In a word, and as before stated, the evidence shows clearly by the

conduct of appellant that he assumed the payment of the note for which the trust deed had been executed.

In an action like this it is not necessary that there should be a formal promise on the part of the grantee to pay the obligation encumbering the land conveyed in order to render him liable therefor if his obligation so to do appears from a consideration of the entire conveyance. "The obligation may be made orally or in a separate instrument; it may be implied from the transaction between the parties, or it may be shown by the circumstances under which the purchase was made, as well as by the language used in the instrument." (*Hopkins* v. *Warner,* 109 Cal. 133, [41 Pac. 868]. See, also, *Lick* v. *Anderson,* 29 Cal. App. 491, [156 Pac. 70].)

The only other point in the case seriously urged by the appellant is one concerning the effect of the alteration of the deed whereby the name of the appellant was substituted for the name of Ella B. Morey. As to that point, while it may be said that the method pursued was unusual, it cannot for that reason be said that the deed is void. The paper not having been delivered to Mrs. Morey conveyed no title to her, and was, considered as a conveyance of real property, no better than a blank form. The erasure of Mrs. Morey's name and the insertion in its place of that of the appellant was not the alteration of an instrument, since the instrument had not yet been created. It was merely equivalent to filling in a blank form, although one a little more complete than is usually the case. Morey, the real owner of the property, delivered the deed to appellant with the intention thereby to pass title, and in our opinion it had that effect. As to whether or not there should have been a reacknowledgment of its execution need not here be considered, as that question refers to its status considered from the point of view of its right to recordation, with which we are not at present concerned.

The judgment is affirmed.

Beasly, J., *pro tem.,* and Zook, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 26, 1918.