## McKEEVER et al., Respondents, *v.* OREGON MORTGAGE CO., LTD., Appellant.

(No. 4,388.)

(Submitted April 15, 1921. Decided June 6, 1921.)

[198 Pac. 752.]

*Contracts—Action by Third Party—Complaint—Insufficiency.*

Contracts—Right of Action by Third Party—Complaint.
1. To entitle a third person to enforce a contract made between two others, under section 4970, Revised Codes, the complaint must show that it was expressly made for his benefit, or for the benefit of a class of persons to which he belongs, *i. e.,* he, or they, either

[60 Mont. 270.]

must be named therein or otherwise sufficiently described or designated; the fact that the contract may incidentally benefit him or them, being insufficient.

Same—Action by Third Party—Complaint—Insufficiency.

2. The complaint in an action by the vendors of land to recover the balance of the purchase price from a mortgage company which loaned the money to the vendee, setting forth the mortgage contract and alleging that the company had arranged with one of plaintiffs to hold the balance due until patent for the land should be received and recorded and then pay it directly to her, *held* insufficient, under the rule above, in the absence of an averment that the contract contained a provision that the mortgage was made expressly for the benefit of plaintiffs or either of them.

*Appeals from District Court, Fergus County; Jack Briscoe, Judge.*

ACTION by Susie S. and Joseph B. McKeever against the Oregon Mortgage Company. Judgment for plaintiffs, and defendant appeals from the judgment and from an order denying a new trial. Reversed and remanded.

*Mr. E. K. Cheadle,* for Appellant, submitted a brief; *Mr. J. A. Walsh,* of Counsel, argued the cause orally.

*Mr. Ralph J. Anderson, Mr. S. P. Williams* and *Mr. Chas. J. Marshall,* for Respondent, submitted a brief; *Mr. Anderson* argued the cause orally.

That the action brought by plaintiff may be maintained is established law in this jurisdiction. (Sec. 4970, Rev. Code; *McDonald* v. *American Nat. Bank,* 25 Mont. 456, 65 Pac. 896; *Tatem* v. *Eglanol Mining Co.,* 45 Mont. 367, 123 Pac. 28; see, also, 13 C. J. 707; *Morgan* v. *Overman Silver Min. Co.,* 37 Cal. 534; *Burson* v. *Bogart,* 49 Colo. 410, 113 Pac. 516; *Oregon Milling Co.* v. *Kirkpatrick,* 66 Or. 21, 133 Pac. 69; *Reilly* v. *Spokane Sanitary Laundry Co.,* 71 Wash. 516, 128 Pac. 1075.)

Where money is withheld from the proceeds of a loan, in order to clear the title and to pay off an encumbrance thereon, the intermediary holding the money is acting as the agent of the lender and not of the borrower. (*Travelers' Ins. Co.* v.

*Jones,* 16 Colo. 515, 27 Pac. 807.) The following cases are similar to the one at bar, and in all of them evidence was offered by the intermediary or the lender to the effect that the intermediary was not the agent of the lender, but was rather the agent of the borrower, but the courts in each of the cases held the evidence was sufficient to show that the intermediary was the agent of the lender. (*Bates* v. *American Mortgage Co. of Scotland,* 37 S. C. 88, 21 L. R. A. 340, 16 S. E. 883; *Matteson* v. *Blackmer,* 46 Mich. 393, 9 N. W. 445; *Jensen* v. *Lewis Investment Co.,* 39 Neb. 371, 58 N. W. 100; *Larson* v. *Lombard Investment Co.,* 51 Minn. 141, 53 N. W. 179.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On October 10, 1912, Susie S. McKeever and Joseph S. McKeever sold and conveyed to Clara I. Kitts and Senia L. Kitts 320 acres of land in Fergus county for the consideration of $7,600. In order to make payment for the land, the purchasers obtained a loan from the Oregon Mortgage Company, Limited, and secured it by a mortgage upon the purchased property.

In the complaint herein it is alleged that $5,834 of the purchase price was paid to Mrs. McKeever on the day of the sale, and that the balance ($1,766) was withheld pending the receipt of a patent to 160 acres of the land. It is further alleged that on the day of the sale, the defendant mortgage company "arranged" with Mrs. McKeever to hold the $1,766 until patent should be received and recorded, and then to pay it directly to her; that patent was thereafter received and recorded, and defendant notified, and that, though demand was made, the defendant has failed and refused to make payment. The prayer is for $1,766 and interest.

A general demurrer was interposed to this complaint, but it was overruled, and defendant then answered. It denied that it ever "arranged" or agreed to hold the $1,766, or any

amount, for Mrs. McKeever, or that it ever entered into any agreement of any kind or character with her. It admitted the sale by plaintiffs to the Madams Kitts, and that it advanced to the purchasers $6,000 and secured the loan by a mortgage upon the purchased property.

Upon these pleadings the cause was tried, resulting in a verdict and judgment in favor of the plaintiffs for the amount demanded, and defendant appealed from the judgment and from an order denying its motion for a new trial. It is insisted that the court erred in overruling the demurrer.

We would be at a loss to understand the theory upon which it is sought to impose upon the defendant mortgage company the duty to pay to Mrs. McKeever money which confessedly belonged to the Madams Kitts in the first instance, at least, but for the information vouchsafed by counsel for plaintiffs in their brief. They say: "This action * * * was brought on a contract between two persons for the express benefit of a third person. The mortgage was executed by the Mrs. Kitts, in favor of the defendant and appellant, for the express purpose of paying the debt owed by the Mrs. Kitts, to the McKeevers. This action was brought by the plaintiff and respondent on that contract."

. In the absence of statute, most of the courts of this country [1]   recognize and enforce a contract made between two parties for the benefit of the third, but some diversity of views appears relative to the character of the contract and the relationship of the parties. The rule most generally followed is that there must exist on the part of the original parties to the contract a clear intent to benefit the third party. (2 Elliott on Contracts, sec. 1413.) In *Lawrence* v. *Fox*, 20 N. Y. 268, the rule as stated above was adopted in the state of New York by a divided court, but later, in an action in which it was sought to apply the rule, the supreme court, in *Hoffman* v. *Schwaebe*, 33 Barb. (N. Y.) 194, said: "But there is a plain distinction between a promise, the performance of which may benefit a third party, and a promise made expressly for

the benefit of a third party." The latter contract was held to be within the rule; the former not within it.

When the Field Civil Code was reported to the legislature of New York in 1865, it assumed to state the rule according to the prevailing judicial opinion. Section 749 of that Code declares: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." In 1872 the Field Code was adopted in California, and section 749 above became section 1559 of the California Civil Code, and has continued in force since that date. Our Civil Code, adopted in 1895, was practically copied from the Field Code and the Civil Code of California, as is disclosed by the report of our Code Commissioners. Section 4970, Revised Codes, is a *verbatim* copy of section 749 of the Field Code. The language employed is significant. The contract must be made expressly for the benefit of the third party, and the word "expressly" means "in direct terms." (Webster's International Dictionary.) This is the meaning given to it by the California court long before our Code was adopted. (*Chung Kee* v. *Davidson,* 73 Cal. 522, 15 Pac. 100.)

It is held by practically all of the authorities that it is not sufficient that the contract may incidentally benefit the third party. (*Tatem* v. *Eglanol Mining Co.,* 45 Mont. 367, 123 Pac. 28.) The party for whose benefit the contract is made must be named or otherwise sufficiently described or designated. (*Bacon* v. *Davis,* 9 Cal. App. 83, 98 Pac. 71; 13 C. J. 711.) However, if the contract was made expressly for the benefit of a class of persons to which class the party seeking enforcement belongs, he may obtain the benefit of it. (*Burton* v. *Larkin,* 36 Kan. 246, 59 Am. Rep. 541, 13 Pac. 398.)

The only contract mentioned in the complaint in this action [2] as having been made between the Madams Kitts and the defendant mortgage company is the one evidenced by the mortgage itself. The mortgage was not introduced in evidence, and neither it nor a copy of it is attached to the

complaint. It is not alleged that it contains a provision to the effect that the mortgage company should pay the $1,766 to Mrs. McKeever, and therefore it cannot be said that it was made expressly, *i. e.*, in direct terms, for her benefit. So far as disclosed by the complaint, the mortgage was made primarily for the benefit of the Madams Kitts, to enable them to purchase the property mentioned. The burden was cast upon plaintiffs to prove that the mortgage was made expressly for their benefit or for the benefit of Mrs. McKeever (*Thomson* v. *Bettens,* 94 Cal. 82, 29 Pac. 336), and if it was necessary to prove this fact, it was equally necessary that it be alleged. The bare statement of these rules is sufficient to demonstrate that the complaint herein does not state a cause of action upon the theory advanced by counsel for plaintiffs, and we cannot conceive of any other theory upon which it can be sustained. In this view of the case it is unnecessary to consider the other assignments.

The judgment and order are reversed and the cause · is remanded for a new trial.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Associate Justices Reynolds, Cooper and Galen concur.