STEVENS *v.* BURGESS.

1. EVIDENCE—HANDWRITING—DEEDS—DIARY.
    In suit involving validity of deed and whether it was in handwriting of certain justice of peace who is alleged to have drawn it, diary kept by him over long period of years was admissible for purpose of showing his handwriting.

2. CANCELLATION OF INSTRUMENTS—DEEDS—MORTGAGES.
    Decree dismissing suit to set aside deed, mortgage, and for other relief, *held*, justified by record.

3. DEEDS—DELIVERY—TRANSFER OF CONTROL.
    In suit involving question of fact as to whether certain deed from father to son was ever delivered, evidence *held*, insufficient to show such transfer of control over deed as would indicate delivery.

4. SAME—DELIVERY NECESSARY.
    It is elementary proposition that deed is not complete or effective until delivered.

5. SAME—SUBSTITUTION OF GRANTEE'S NAME—ADOPTION OF DEED BY DELIVERY.
    Where deed from father to son was never delivered, and after son's death father caused son's name to be erased and name of another son written in, and father delivered deed to said son, deed as then completed was adopted by father and constituted valid transfer of title.

Appeal from Jackson; Simpson (John), J. Submitted April 11, 1933. (Docket No. 87, Calendar No. 36,819.) Decided May 16, 1933.

Bill by Benjamin A. Stevens and another against Almeda M. Burgess, individually, and as administratrix of the estate of Fay B. Burgess, deceased, and Clare G. Stevens, individually and as administrator of the estates of Benjamin P. and Louisa

Burgess, deceased, to set aside a deed, for an accounting, and other relief. Bill dismissed. Plaintiffs and defendant Stevens appeal. Affirmed.

*Richard Price,* for appellants.

*Adrian F. Cooper,* for appellee.

Butzel, J.  Benjamin Burgess owned several parcels of land in Jackson county, including a farm on which he and his wife, Louisa, resided.  He executed and delivered deeds to separate parcels of land to his two daughters and to one of his sons, Fay B. Burgess, as each married and left home.  On the same day that Fay received his deed, Benjamin Burgess caused another deed to be drafted for the farm on which he lived to his other son, William, as grantee.  William was a single man who resided with his parents on the farm.  He had suffered from heart disease ever since he was five years of age, and on that account was unable to perform any heavy manual labor.  The deed to William was never recorded, and appellee contended that it never was delivered to him.  The trial judge so found.  The deed, dated November 1, 1898, was drafted by Ben A. Joy, a justice of the peace, who both witnessed it and took the acknowledgments.  Almeda Burgess, one of the defendants, married Fay B. Burgess on December 14, 1898.  She testified that shortly after her marriage, while visiting the Burgess home, she opened a drawer of the bureau in which Burgess kept his private papers; that she saw two envelopes, one indorsed "deed for Louisa Burgess," and the other "deed for William H. Burgess, at our death," or words to that effect.

William died in 1903 and Louisa in April, 1918. Testimony was introduced to the effect that, late in

the summer of 1918, Benjamin Burgess gave his
son Fay a deed in a sealed envelope, and said:
"Here, Fay, this is for you when I am gone. Take
it to the bank, put it in your lock box, and after I
am gone, you take it to Roy Hoag or Charley Com-
stock and have them put in on record;" that he
further said that he did not dare leave it at home
because other members of the family were meddling
with his papers. Upon the death of Benjamin
Burgess, Fay took the envelope from his lock box,
and delivered it to Mr. Comstock, who, after at-
tending to its recording, returned it to Fay.

The following year, Benjamin A. Stevens and
wife, plaintiffs, purchased the property described
in the deed from Fay. They paid $1,100 as a down
payment, and gave a purchase-money mortgage for
$5,400, on the principal of which there remains an
unpaid balance of $3,300. In 1931, plaintiffs were
negotiating a sale of their equity in the property,
and, to avoid the expense of an abstract, Fay was
asked to loan his deed for inspection by the prospec-
tive purchaser. It was then discovered by plain-
tiffs that there had been an erasure of an earlier
grantee's name, both in the body of the deed and
also on the outside thereof, and that the name of
Fay B. Burgess had been inserted in ink in both
places. It is conceded by all parties that the deed
was the original one made out to William Burgess.
Appellee, however, contended that it never was de-
livered to William; that, after the death of William,
his name had been erased and the name of Fay B.
Burgess written in as grantee by Ben A. Joy, the
justice of the peace who had made out the deed in
the first instance, all under the direction of Ben-
jamin Burgess. Fay B. Burgess, when asked to
explain the transaction, was evasive in his replies,

and he committed suicide shortly after the validity of the deed was first questioned. Benjamin A. Stevens and wife, as plaintiffs, thereupon brought the present suit against Clare G. Stevens, individually and as administrator of the estates of Benjamin P. Burgess and Louisa Burgess, and also against Almeda M. Burgess, individually and as administratrix of the estate of Fay B. Burgess. Plaintiffs asked an accounting, and sought to have the mortgage and deed set aside, as well as other relief.

Testimony was offered by appellants to show that the deed to William Burgess had been delivered to him; that the name of the grantee was not changed by direction of the grantor nor was it in the handwriting of Ben A. Joy, the justice of the peace. Joy had died some years previous to the trial, and it became necessary to prove his handwriting. A banker and a former postmaster of Springport and two daughters of Ben A. Joy all testified that they were familiar with the handwriting of Ben A. Joy, and that the entire deed, including the name, Fay B. Burgess, was in Joy's handwriting.

Counsel for appellee also offered in evidence the diary of Ben A. Joy, who had kept a record of his daily life over a long period of years. Reference is made in the diary to the making of a number of deeds for Benjamin P. Burgess, and there is a later entry on Saturday, December 3, 1904, stating that Joy made a deed for a certain party and "fixed one for Uncle Ben Burgess." This entry was made about a year after the death of William. The diary was introduced as a specimen of the handwriting of Ben A. Joy, to be used for comparison with that in the deed. Appellee also sought its introduction as a contemporaneous memorandum of a third party and as a part of the *res gestæ*. Appellants immedi-

ately objected to its admission. The court stated that he would not rule upon its admissibility until he had a chance to examine it, and directed that the diary be left with the court. The record shows no further ruling on the part of the trial judge, nor is the diary referred to in his opinion. Sufficient facts were shown to sustain the decree in favor of defendant Almeda Burgess without considering the diary, which was at least admissible for the purpose of showing the handwriting of Ben A. Joy. It is unnecessary to discuss its admissibility for any other purpose, inasmuch as we believe that the findings of the court and the decree dismissing the bill were fully justified by the remainder of the record without considering the diary.

Numerous other errors are assigned on appeal, most of them relating to questions of fact. We are satisfied that the testimony supports appellee's contention that the deed was never delivered to William H. Burgess. There was no adequate showing of such a transfer of control over the deed as would indicate a delivery. *Taft* v. *Taft,* 59 Mich. 185 (60 Am. Rep. 291); *Bisard* v. *Sparks,* 133 Mich. 587; *Meade* v. *Robinson,* 234 Mich. 322.

It is further contended that, even assuming that the change in the grantee was made under authority from Benjamin Burgess, such a subsequent change could not be made by erasure and insertion once the deed had been signed. This overlooks the elementary proposition that a deed is not complete, nor is it effective, until delivered. In *Lockwood* v. *Bassett,* 49 Mich. 546, the name of the grantee was left blank and was subsequently filled in by the wife of the grantor, under his authority, and the deed then delivered. It was held that when the delivery is made by the grantor himself or by his direction,

"the deed as then completed is adopted by him," and is a valid transfer of the title. See, also, *Dutton v. Locke-Paddon*, 37 Cal. App. 693 (174 Pac. 674); *Johnson* v. *Northern Minnesota Land & Investment Co.*, 168 Iowa, 340 (150 N. W. 596); *Scott* v. *Perry*, 140 Miss. 452 (106 South. 12); *Burke* v. *Harkins*, 296 Pa. 414 (146 Atl. 94).

The decree dismissing the bill of complaint is affirmed, with costs to defendant Almeda M. Burgess.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.