[Civ. No. 8788. First Appellate District, Division Two.—October 10, 1933.]

THE BANK OF ALAMEDA COUNTY (a Corporation), Respondent, v. M. L. HERING et al., Defendants; W. W. BOTTIMORE, Appellant.

Ralph H. Lewis and Stanley Burke for Appellant.

Fred B. Mellmann for Respondent.

SPENCE, J.—Plaintiff sought to recover a deficiency judgment after a sale of land under a deed of trust. From a judgment in favor of plaintiff, defendant appeals.

In 1922, defendant Hering executed in favor of plaintiff a note in the sum of $30,000 and a deed of trust to secure the same. In 1924, defendant Bottimore purchased the land described in the deed of trust from defendant Hering and by the written agreement of purchase signed by defendant Bottimore the sale was agreed to "at the price of Forty-two Thousand and no/100 Dollars, lawful money of the United States, on the following terms: $12,000.00 cash; balance by · assumption of $30,000.00 bank loan at 7% interest". When defendant Bottimore put up the balance of the cash payment to consummate the transaction he received from the title company a receipt showing that the property was subject to the "Trust deed $30,000.00 in favor of The Bank of Alameda County". Defendant Bottimore went into possession of the land, paid interest on the indebtedness for several years, but subsequently became in default with respect to payment of both principal and interest. The land was sold under the deed of trust for $24,000 and this action was brought to recover the unpaid balance. Upon the trial of the cause defendants offered no evidence and judgment was entered in favor of plaintiff and against defendants Hering and Bottimore.

Appellant contends that the complaint does not state a cause of action against him, but in our opinion this contention is without merit. It . was alleged in the complaint that appellant entered into a written contract for the purchase of the land and "that in and by said contract the said W. W. Bottimore assumed and agreed to pay the obligations created by the aforesaid promissory note and the aforesaid deed of trust". It is claimed that the foregoing allegation amounts to a conclusion of law rather than an allegation of fact, but it is well settled that a written instrument may be pleaded according to its legal effect or *in haec verba*. (21 Cal. Jur. 45.) The further claim is made that there was no allegation that there was any amount "due, owing and unpaid from and by appellant", but the allegations of the complaint clearly show that liability was imposed upon appellant by the assumption clause of the agreement and the allegations with respect to nonpayment are full and complete.

It is also contended by appellant that there is no evidence to support the finding that appellant agreed to pay

the obligations created by the note and deed of trust. Here appellant states that the only evidence introduced on this subject was the written agreement which provided for a $12,000 cash payment and "balance by assumption of $30,000.00 bank loan at 7% interest". We believe this agreement was entirely sufficient to support the findings and judgment. ■ The fact that no mention of the note or deed of trust was made in the deed to appellant is immaterial for the agreement of assumption "may be made orally or in a separate instrument; it may be implied from the transaction of the parties, or it may be shown by the circumstances under which the purchase was made, as well as by the language used in the instrument". (*White* v. *Schader*, 185 Cal. 606, at 608 [198 Pac. 19, 21 A. L. R. 499], quoting from *Hopkins* v. *Warner*, 109 Cal. 133 [41 Pac. 868]. See, also, *Dutton* v. *Locke-Paddon*, 37 Cal. App. 693 [174 Pac. 674]; 18 Cal. Jur. 41, and following; 25 Cal. Jur. 46.) ■ It appears to be appellant's claim that even if the evidence was sufficient to support a finding relating to appellant's assumption of the obligations of the note, it was insufficient to support the findings with respect to the assumption of the obligations of the deed of trust. We believe that appellant's construction of the agreement of the parties is too narrow. The record shows that appellant had actual as well as constructive notice of the deed of trust securing the note and, of course, the security is but an incident of the principal obligation. (17 Cal. Jur. 710.) The trial court was warranted in finding from the written assumption of the "bank loan" and the "circumstances under which the purchase was made", that appellant assumed the obligations of the deed of trust as well as those of the note itself.

■ It is further contended that the trial court erred in sustaining respondent's demurrer to the fraud defense set up in appellant's second amended answer. It is conceded that respondent was not a party to the alleged fraud, but it was alleged that appellant's grantor made certain fraudulent representations in 1924 at the time appellant purchased the property. Respondent urges several grounds in support of the trial court's action, but we need consider but one of them. An agreement of assumption is treated

as a contract made for the benefit of a third person (*Alvord* v. *Spring Valley Gold Co.*, 106 Cal. 547 [40 Pac. 27]; *Thomson* v. *Bettens*, 94 Cal. 82 [29 Pac. 336]; *Case* v. *Egan*, 57 Cal. App. 453 [207 Pac. 388]), and such a contract may be enforced by the third person at any time before it is rescinded. (Civ. Code, sec. 1559.) In order to defeat respondent's rights under the agreement of assumption, it was necessary for appellant to allege and prove a rescission of said agreement. There was no such allegation in appellant's alleged defense and the trial court therefore properly sustained said demurrer.

Appellant mentions the order of the trial court overruling his special demurrer. As we understand appellant's argument in this connection, it proceeds upon the theory that it was necessary for respondent to separately state two causes of action, one upon the note and the other upon the deed of trust. No authority is cited. There was but one cause of action for the unpaid balance after the sale under the deed of trust and we find no merit in the contention that appellant's special demurrer was improperly overruled.

The judgment is affirmed.

Sturtevant, J., and Nourse, P. J., concurred.