MOORE v. LOS ANGELES IRON & STEEL CO. et al.

(Circuit Court, S. D. California. June 30, 1898.)

No. 774.

1. **CONTRACTS OF INDEMNITY — JOINT LIABILITY OF INDEMNITOR AND INDEMNITED.**

Civ. Code Cal. § 2777, which declares that one who indemnifies another "against an act to be done by the latter is liable jointly with the person indemnified, and separately to every person injured by such act," is not limited to cases where the indemnitee binds himself, or is bound by law, to do some act which may result in damage to another, or to cases in which the indemnitor is held to be a joint trespasser or tort feasor with the indemnitee; but it includes all cases of indemnity against future contingencies. It therefore makes a policy of insurance against liability for personal injuries of employés inure directly to the benefit of an employé injured, and allows him to sue his employer and the insurance company jointly, if he so elects.

2. **PARTIES IN EQUITY—RECEIVERS IN SUPPLEMENTARY PROCEEDINGS.**

A receiver in supplementary proceedings of an insolvent corporation, who has in his possession a policy insuring the corporation against liability to its employés for personal injuries, is a necessary party to an action brought by an injured employé against the corporation and the insurance company jointly, to enforce their joint and several liability to him.

3. **REMOVAL OF CAUSES—JOINT AND SEVERAL LIABILITY OF DEFENDANTS.**

Where defendants' liability is joint as well as several, and plaintiff elects to sue them jointly, this determines the character of the suit; and neither defendant can treat it as several against him, so as to authorize him to remove it.

Carl Schutze, G. E. Harpham, and A. M. Stephens, for plaintiff.
Miller & Brown, for defendants.

WELLBORN, District Judge. This suit was originally brought in the superior court of the county of Los Angeles, state of California, and removed to this court on the petition of two of the defendants, the Los Angeles Iron & Steel Company and the Employers' Liability Assurance Corporation, Limited. The other defendants are various persons who are sued as stockholders of said iron and steel company, and Willis J. Boyle, its receiver. The present hearing is on a motion of the plaintiff to remand.

The material facts of the case, as alleged in the complaint, are as follows: The action was brought by leave of court. Plaintiff, Lamar Moore, is an infant, 17 years of age; and J. L. Moore was appointed, by the superior court in which the action was brought, guardian of said Lamar Moore for the purposes of said action. Plaintiff and all of the defendants, except the Los Angeles Iron & Steel Company and the Employers' Liability Assurance Corporation, Limited, are citizens of California. The Los Angeles Iron & Steel Company is a citizen of the state of Colorado, with its principal place of business and workshops, however, in the city of Los Angeles, Cal. The defendant Willis J. Boyle was appointed receiver of said corporation December 12, 1896, in a certain action then pending in said superior court, wherein one Fred. R. Harris was plaintiff, and said Los Angeles Iron & Steel Company defendant, and said Boyle

is still acting as such receiver. The Employers' Liability Assurance Corporation, Limited, is a corporation organized and existing under the laws of the kingdom of Great Britain, doing business in said county of Los Angeles. On or about January 11, 1896, the Los Angeles Iron & Steel Company owned and operated its iron and steel works in said city of Los Angeles; and plaintiff was in the employ of said company in and about said works, as a messenger boy and water carrier; and said company, without plaintiff's knowledge, negligently kept a barrel in the ground, on its said premises, in such a manner that no part of it protruded above the surface, which barrel was used by defendant for the reception of exhaust steam, and was full of scalding water, that had been condensed from said steam; and a cloud of steam continually enveloped the top of said barrel, so that plaintiff could not see the same, and said barrel was without any covering sufficient to keep a person stepping on it from falling into said scalding water; and plaintiff, not knowing of the existence of said barrel, while in the proper exercise of his said employment, fell into said barrel, and into said scalding water, and was scalded and burned and permanently injured thereby, to his damage in the sum of $25,000. Before said injury, to wit, on November 16, 1895, the Employers' Liability Assurance Corporation, Limited, executed and delivered to the Los Angeles Iron & Steel Company a policy of assurance, whereby said Employers' Liability Assurance Corporation, Limited, in so far as regards accidental personal injuries caused during the term of 12 months from and after November 8, 1895, agreed to pay said Los Angeles Iron & Steel Company all sums for which the last-named company should become liable to its employés, by virtue of the common law or any statute, subject to certain enumerated limitations; and the plaintiff, at the time of his injuries aforesaid, was an employé of the Los Angeles Iron & Steel Company, within the meaning of said policy. No liability has arisen against the Los Angeles Iron & Steel Company on account of accidental personal injury to any of its employés, save and except on account of the injury, hereinbefore mentioned, to plaintiff. Said Los Angeles Iron & Steel Company is insolvent, and plaintiff cannot obtain satisfaction of his claim against it otherwise than by and through said policy of assurance, issued as aforesaid by the Employers' Liability Assurance Corporation, Limited. The defendant Willis J. Boyle, as receiver of the Los Angeles Iron & Steel Company, has possession of said policy. The other defendants are sued as stockholders of the Los Angeles Iron & Steel Company, and the object of their joinder is to enforce against each of them the stockholders' liability, as fixed by the constitution and laws of the state of California.

The specific relief prayed for in the complaint is judgment:

"(1) Against the Los Angeles Iron and Steel Company, twenty-five thousand dollars; against the defendant the Employers' Liability Assurance Corporation, Limited, five thousand dollars; against the stockholders as follows: * * *.

"(2) That it be decreed that the defendant Willis J. Boyle, as receiver of the defendant the Los Angeles Iron and Steel Company, hold said policy issued by the defendant the Employers' Liability Assurance Corporation, Limited, for the use and benefit of plaintiff.

"(3) That said Willis J. Boyle, as receiver as aforesaid, assign to plaintiff the said policy in consideration of a receipt given him by plaintiff, for the amount of and in full payment of the judgment recovered in this action against the defendant the Los Angeles Iron and Steel Company, if such judgment shall not be for not more than five thousand dollars, or in full payment of the sum of five thousand dollars if such judgment shall be for more than five thousand dollars."

Plaintiff bases his motion to remand on the grounds that Boyle, the receiver of the Los Angeles Iron & Steel Company, and the persons who are sued as stockholders of said company, are citizens of the same state with himself, and therefore the diverse citizenship requisite to removal under the second clause of section 2 of the act of August 13, 1888 (1 Supp. Rev. St. U. S. p. 611), does not exist; and, further, that the suit does not involve such a separable controversy as authorizes a removal under the third clause of said section. The defendants the iron and steel company and the assurance corporation, upon whose petition the suit was removed into this court, contend, on the other hand, as follows: First, that said receiver and stockholders are not necessary parties, and therefore the suit is removable under the second clause of said section; and, second, that, if said receiver and stockholders are necessary parties, still there are two separable controversies between plaintiff and said corporations respectively, and therefore said corporations were entitled to remove said suit, under the third clause of said section. These two contentions will be considered in the order of their statement.

1. Is the receiver, Willis J. Boyle, a necessary party to the suit? Defendants suggest, for certain reasons stated in their brief, that Boyle's appointment as receiver was made, in behalf of judgment creditors, under subdivision 4 of section 564 of the Code of Civil Procedure of California, and I am disposed to concur in this suggestion. Treating Boyle's receivership, then, as one supplementary to execution, he took, by virtue of his appointment, title to the insolvent debtor's personal estate, as trustee for the creditors in whose behalf he was appointed. High, Rec. §§ 440–444, inclusive, and section 454. While the bill does not expressly allege such to be the character of Boyle's receivership, it does allege that the policy issued by the Employers' Liability Assurance Corporation, Limited, to the Los Angeles Iron & Steel Company is in the possession and under the control of said Boyle, as receiver of the latter company; and the fair inference from said allegation is that said Boyle holds said policy as part of the assets of his trust. Now, since the plaintiff seeks to recover of the insolvent debtor, the Los Angeles Iron & Steel Company, damages occasioned by its negligence, and also to enforce, in partial satisfaction of such damages, and therefore for his exclusive benefit, the liability of the assurance corporation on said policy, so held by the receiver, it follows that, if the two corporations can be thus proceeded against in the same suit, the receiver is a necessary party, and his claim hostile to that of the plaintiff. Anoka Lumber Co. v. Fidelity & Casualty Co. (Minn.) 65 N. W. 353. Is the assurance corporation, then, properly joined as a defendant with the iron and steel company, or, in other words, are these two corporations jointly liable to the plaintiff?

The Civil Code of California provides thus:

"Sec. 2777. One who indemnifies another against an act to be done by the latter, is liable jointly with the person indemnified, and separately to every person injured by such act."

Defendants contend that this section refers only to that class of indemnity contracts "where the indemnitee, in consideration of being indemnified, binds himself or is bound by law to do some certain act, the consequence or result of which may be damage to some other"; citing, as illustrative of said class, Lewis v. Johns, 34 Cal. 629, Davidson v. Dallas, 8 Cal. 227, and Herring v. Hoppock, 15 N. Y. 409. While said section unquestionably embraces the class mentioned by defendants, it likewise includes, I think, all cases of indemnity against future contingencies. In other words, it broadens and makes applicable to all such cases the rule previously applied by the courts to that class of indemnity contracts where the indemnitor was held to be a joint trespasser or tort feasor with the indemnitee. Thus, the section does in the case at bar what the garnishment did in Anoka Lumber Co. v. Fidelity & Casualty Co., supra,—makes the policy of assurance inure directly to the benefit of the injured person, and, in addition thereto, allows such person to proceed against the indemnitor separately, or jointly with the indemnitee. There is nothing in the section which invites or allows a narrower construction than the one indicated. Defendants, however, in their brief, argue to the contrary, as follows:

"The use of the words 'act to be done' must have been inserted in this section to distinguish the liability of the indemnitor in some cases from his liability in others; otherwise, why not have enacted that all indemnitors shall be jointly liable with the indemnitees? The plain reading of subdivision 2 of the very next section (2778) makes a most solid support to our position,—that, as a general proposition, indemnitors are not jointly liable with indemnitees, but only in special cases, where the liability arises by reason of joint trespass, etc. It reads, 'Upon an indemnity against claims or demands or damages,' etc., 'the person indemnified is not entitled to recover without payment thereof, which is tantamount to saying tht indemnitor cannot be sued until the indemnitee has paid the claim, demand, or damages; that is, except in cases of joint tort feasors, no one but the indemnitee can sue the indemnitor. It being evident that a distinction was intended, our position above taken is necessarily correct, as there are classes of cases where the indemnitor does not bind the indemnitee to do an act which may result in injury to another (the case at bar is one), and there are cases where the indemnitor is not jointly liable with the indemnitee. The words 'act to be done' must be read 'act required to be done,'—required in the case of a sheriff about to attach property, by his contract with the plaintiff under the law, which makes him and the plaintiff the two parties to it; the plaintiff to give the indemnity bond, in consideration of which the sheriff seizes the property, no matter who may be the owner of it. The sheriff is required to seize it, and does so because ordered to by the indemnitor."

This argument of defendants is based, it seems to me, upon an erroneous construction of the words "act to be done." These words are simply used to convey the opposite of the idea expressed in the words "already done," in section 2774 of the same Code, which provides that "an agreement to indemnify a person against an act already done is valid," etc. In other words, as section 2774, by using the words "already done," is confined to past transactions, so section 2777, by the use of the words "act to be done," is restricted to future con-

tingencies.    Subdivision 2 of section 2778 does not, in my opinion, furnish to defendants' argument the support which they claim therefrom, because said subdivision, and subdivision 1 of the same section, which is as follows:    "(1) Upon an indemnity against liability expressly, or in other equivalent terms, the person indemnified is entitled to recover upon becoming liable,"—obviously concern only the relations of the indemnitor an dthe indemnitee as between themselves, and not their obligations to the injured person, these obligations being fixed by section 2777.

It should be observed in this connection that, by the policy in the case at bar, said assurance corporation "agreed to pay to the said Los Angeles Iron & Steel Company, or its legal representatives, all such sums for which the Los Angeles Iron & Steel Company shall become liable to its employés by virtue of the common law, or of any statute," etc.; that is, the indemnity is against liability, not against claims or demands or damages or costs (Hoven v. Assurance Corp. [Wis.] 67 N. W. 46), and therefore falls within subdivision 1 of said section 2778. This subdivision, which gives to the indemnitee a right of action against the indemnitor the moment the former becomes liable to the person injured,—that is, when the injury occurs,—disposes of another argument of the defendant corporations against their joint liability, namely, that "no action is maintainable against the indemnitor until the plaintiff's claim or debt against the indemnitee becomes legally enforceable against the indemnitee; i. e. until there has been a judicial ascertainment of the amount due for damages from indemnitee to plaintiff."    Besides, this last-mentioned argument finds a complete answer in section 2777 itself, which, by creating a joint and several liability on the part of the indemnitor and indemnitee in favor of the person injured, necessarily gives to the latter a right of action against the indemnitor as soon as the injury happens.

Defendants' contention that said receiver is not a necessary party, because no leave of the state court to make him a party was obtained, is based upon an erroneous assumption of fact.    The complaint expressly alleges, in its first paragraph, as follows:    "Leave of court having been had and obtained to file this action, the plaintiff complains," etc.    Furthermore, the order of the court, made on the petition of J. L. Moore, for appointment as guardian ad litem of plaintiff, expressly grants leave "to file said action against said corporation, the Los Angeles Iron and Steel Company, and others"; and among the "others" named in said petition as defendants is W. J. Boyle.    Defendants' contention that the receiver is a mere garnishee is not well taken, as shown by the statements I have already made touching the receiver's relations to the controversy between the plaintiff and the iron and steel company and assurance corporation.    The facts in Bacon v. Rives, 106 U. S. 99, 1 Sup. Ct. 3, the case cited by defendants on this point, are quite different from the facts in the case at bar.    The receiver, I hold, is a necessary party to plaintiff's cause of action against said corporations.

2. Does the case at bar involve a separable controversy, such as is provided for in the third clause of the second section of the aforesaid act of August 13, 1888?—which clause is as follows:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

The liability of the iron and steel company and the assurance corporation being joint as well as several, and the plaintiff having elected to proceed against them jointly, the suit, so far as concerns the plaintiff and said companies, involves but a single controversy.   The rule on this subject is thus stated:

"Where the plaintiff's cause of action is joint and several, he has the option whether to sue the defendants individually, or to join them in one action.   If he elects to pursue the latter course, his choice determines the character of the suit, and no one of the defendants can treat the suit as it concerns him as several, for the purpose of a removal to the federal court." Black, Dill. Rem. Causes, § 145; Brown v. Cox Bros. & Co., 75 Fed. 689; Boyd v. Gill, 19 Fed. 145; Telegraph Co. v. Brown, 32 Fed. 337; Mutual Reserve Fund Life Ass'n v. Farmer, 23 C. C. A. 574, 77 Fed. 929; Railroad Co. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735; Pirie v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161; Little v. Giles, 118 U. S. 596, 7 Sup. Ct. 32; Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726.

In Pirie v. Tvedt the court says:

"The cause of action is several as well as joint, and the plaintiffs might have sued each defendant separately, or all jointly.   It was for the plaintiffs to elect which course to pursue.   They did elect to proceed against all jointly, and to this defendants are not permitted to object.   The fact that a judgment in the action may be rendered against a part of the defendants only does not divide a joint action in tort into separate parts, any more than it does a joint action on contract."

In Torrence v. Shedd, supra, the court says:

"But in order to justify such removal, on the ground of a separate controversy between citizens of different states, there must, by the very terms of the statute, be a controversy 'which can be fully determined as between them'; and, by the settled construction of this section, the whole subject-matter of the suit must be capable of being finally determined as between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit.   *   *   *   As this court has repeatedly affirmed, not only in cases of joint contracts, but in actions for torts, which might have been brought against all or against any one of the defendants, 'separate answers by the several defendants sued on joint causes of action may present different questions for determination, but they do not necessarily divide the suit into separate controversies.   A defendant has no right to say that an action shall be several which plaintiff elects to make joint.   A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way.   The cause of action is the subject-matter of the controversy; and that is for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.'   Railroad Co. v. Ide, 114 U. S. 52, 56, 5 Sup. Ct. 735; Pirie v. Tvedt, 115 U. S. 41, 43, 5 Sup. Ct. 1034, 1161; Sloane v. Anderson, 117 U. S. 275, 6 Sup. Ct. 730; Little v. Giles, 118 U. S. 596, 601, 602, 7 Sup. Ct. 32; Hedge Co. v. Fuller, 122 U. S. 535, 7 Sup. Ct. 1265."

There being, then, only a single controversy between the plaintiff and the two defendant corporations, and the receiver, who is a citizen of the same state with the plaintiff, being, as I have already held, a necessary party thereto, it follows that there is no separable controversy to authorize a removal of the suit under the third clause of

section 2 of the act of 1888. This conclusion renders it unnecessary for me to pass upon the question whether or not the stockholders are necessary parties. The motion to remand will be allowed.