CONLEY, APPELLANT, *v.* UNITED STATES FIDELITY & GUARANTY CO. ET AL., RESPONDENTS.

(No. 7,233.)

(Submitted September 25, 1934. Decided November 8, 1934.)

[37 Pac. (2d) 565.]

32

Mr. E. G. Toomey, Mr. Carl McFarland and Mr. H. K. Anderson, for Appellant, submitted a brief; Mr. Toomey argued the cause orally.

34

*Mr. R. F. Gaines,* for Respondents, submitted a brief, and argued the cause orally.

36

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff brought this action to recover damages for personal injuries sustained as a result of the alleged gross and wilful negligence in the operation of an automobile by an employee of her husband, Frank Conley, one of the parties defendant. Conley is sought to be held under the doctrine of *respondeat superior*. The corporation defendant was the insurer under a "public liability" policy of insurance on the automobile in question.

Defendant Conley demurred generally to the complaint. The corporate defendant demurred generally and specially upon the ground of misjoinder of parties defendant. All these demurrers were sustained. The plaintiff failing to amend within the time allowed by the court after the ruling on these demurrers, her default was entered and a judgment of dismissal rendered. The appeal is from this judgment.

Plaintiff by appropriate specifications of error seeks to have the order of the court sustaining the demurrers and the entry of the judgment of dismissal reviewed.

It is conceded that the facts alleged are identical with those appearing in the complaint in the case of *Conley* v. *Conley*, 92 Mont. 425, 15 Pac. (2d) 922, so far as the plaintiff

attempts to state a cause of action against the defendant Frank Conley. It was there held that the complaint did not state a cause of action. The conclusion there reached was under similar facts reaffirmed by this court in the case of *Kelly* v. *Williams*, 94 Mont. 19, 21 Pac. (2d) 58. This case, in so far as the defendant Conley is concerned, is ruled directly by these decisions, and accordingly the trial court did not err in sustaining the demurrer of the defendant Conley to plaintiff's complaint.

Plaintiff argues that, even though the complaint failed to state a cause of action against the defendant Conley, it nevertheless is sufficient as against the defendant corporation.

It is conceded by the parties hereto that the contract between the defendant Conley and the corporation is one of indemnity. The foundation of plaintiff's argument is section 8168, Revised Codes 1921, providing as follows: "One who indemnifies another against an act to be done by the latter is liable jointly with the person indemnified, and separately to every person injured by such act."

The defendant corporation by the terms of the policy in question undertook "to pay all sums which the assured shall become liable to pay as damages imposed upon him by law for bodily injury, including death at any time resulting therefrom (herein called 'bodily injury'), accidentally sustained by any person or persons if caused by the ownership, maintenance, or use of any automobile disclosed in the declarations for the purposes therein stated." Defendant Conley was the named assured in the policy. Admittedly, plaintiff sustained the injuries complained of while a passenger in the automobile described in the policy while being operated by an employee of the defendant Conley. Plaintiff argues that the effect of section 8168, supra, is to render the defendant corporation jointly and separately liable under this policy provision, so that suit may be maintained against the insurer prior to an adjudication of liability in favor of the plaintiff against the assured defendant.

The policy further provides that "any person or his legal representative who shall obtain final judgment against the assured because of any such bodily injury * * * and whose execution against the assured is returned unsatisfied, * * * may proceed against the company under the terms of this policy to recover the amount of such judgment either at law or in equity but not to exceed the limit of this policy applicable thereto. Nothing in this policy shall give to any person or persons claiming damages against the assured any right of action against the company except as in this paragraph provided."

This court in the case of *Cummings* v. *Reins Copper Co.*, 40 Mont. 599, 107 Pac. 904, 911, had under consideration the provisions of section 8168, supra, then section 5653, Revised Codes 1907. In that case it was attempted to join, as here, the assured and the insurance company as parties defendant. The precise question upon which the court passed was whether or not the insurance company, under a contract of indemnity against liability for personal injuries, might be joined as a party defendant with the assured. It was held that such a joinder was not permissible, and the question whether or not the insured might ever be sued separately by the injured person was expressly reserved. The court, however, in the course of its opinion, in order to reach the conclusion there announced, found it necessary to determine the scope, meaning, and effect of section 8168, and, after deciding that the section (then 5653) was but a continuation of the common-law rule, said: "We must hold that section 5653 [8168], supra, does not change the rule recognized in the cases cited, unless the language employed in it impels to the contrary conclusion. The phrase 'an act to be done,' with reference to which the indemnity exists, clearly implies an act the nature of which is known to the parties, and one which is yet anticipated. It also strongly implies that the liability contemplated is to accrue from the doing of the act, and not upon the contract of indemnity. This view does no violence to the language employed; on the contrary, it seems to be the plain and obvious import of it. At the same time it renders unnecessary the conclusion

that the Legislature intended, in enacting it—not by express declaration, but by the barest implication—to abrogate a rule of law which is based upon a fundamental principle."

Counsel for plaintiff cite the case of *Moore* v. *Los Angeles Iron & Steel Co.*, 89 Fed. 73, a decision from the circuit court of the southern district of California, wherein a view at variance with that expressed by this court in *Cummings* v. *Reins Copper Co.*, supra, was announced. In the *Cummings Case* this court declined to follow the *Moore Case*, and said of that decision, "But the reasons assigned do not commend themselves to our judgment." It there approved the reasoning of the circuit court for the district of Montana, in the case of *Northam* v. *Casualty Co. of America*, 177 Fed. 981. It was there sought to sue the insurer alone under an indemnity contract for the liability of the assured without any adjudication of the liability in favor of the injured person, but it was held that section 8168, supra, would not sustain the statement of a cause of action previous to an adjudication of the liability of the insured.

The state of California has a statute identical with our section 8168. One of the district courts of appeal of that state has likewise refused to follow the *Moore Case*, and, instead, adopted the doctrine of the *Northam Case*. (*Severns* v. *California Highway Indemnity Exchange*, 100 Cal. App. 384, 280 Pac. 213.)

We are not disposed at this time to depart from the interpretation of section 8168, supra, as promulgated by this court in *Cummings* v. *Reins Copper Co.*, supra. This section does not operate, under the terms of the policy in question, to give plaintiff a right of action against the defendant corporation prior to an adjudication of a liability against an assured under the terms and conditions of the policy.

Nor has the plaintiff a cause of action by reason of the provision of section 7472, Revised Codes 1921, where it is declared that "a contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." This court, in the case of *McKeever* v. *Oregon Mortgage Co., Ltd.*, 60 Mont. 270, 198

Pac. 752, 753, in interpreting the latter section, said: "It is held by practically all of the authorities that it is not sufficient that the contract may incidentally benefit the third party. (*Tatem* v. *Eglanol Min. Co.*, 45 Mont. 367, 123 Pac. 28.) The party for whose benefit the contract is made must be named or otherwise sufficiently described or designated. (*Bacon* v. *Davis*, 9 Cal. App. 83, 98 Pac. 71; 13 C. J. 711.) However, if the contract was made expressly for the benefit of a class of persons to which class the party seeking enforcement belongs, he may obtain the benefit of it. (*Burton* v. *Larkin*, 36 Kan. 246, 13 Pac. 398, 59 Am. Rep. 541.)"

The complaint failed to state facts sufficient to constitute a cause of action as against the defendant corporation. The general demurrer to plaintiff's complaint was properly sustained.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS and STEWART concur.