ZEIGLER, Appellant, v. RYAN, et al, Respondents.

(262 N. W. 200.)

(File No. 7758. Opinion filed August 5, 1935.)

*Dan McCutcheon,* of Belle Fourche, for Appellant.

*Atwater & Helm,* of Sturgis, for Respondents.

WARREN, P. J. Plaintiff entered into an agreement with the defendant A. B. Ryan for transportation in an automobile from Sturgis, S. D., to Chicago, Ill., and return. In consideration therefor he was to render certain services and make certain contributions. The trip was made to Chicago, and on the return trip a servant by the name of Kennedy, who was operating the automobile, so negligently handled and drove the automobile that it skidded and left the roadway, rolled over, and threw the plaintiff so that his head went through the plate-glass window in the back of the car, thereby causing severe injuries to the plaintiff's head, arms, and legs and breaking a certain vertebra in plaintiff's back. The plaintiff joined as defendants in this action the Citizens Fund Mutual Fire Insurance Company, a corporation, of Red Wing, Minn., and the National Implement Mutual Insurance Company of Owatonna, Minn., a corporation, upon the theory that they were jointly liable by reason of having issued insurance policies upon the car of the defendant Ryan. Certain paragraphs of plaintiff's complaint therefore become material. A portion of paragraph 8 thereof reads as follows: " 'The Company further agrees to defend in the name and on behalf of the Assured, any suit seeking damages for such bodily injury or property damage, even if such suit is groundless, false or fraudulent; to pay, irrespective of the limit of liability stated in the policy, all costs taxed against the assured in any such defended suit, all premiums on attachement and/or appeal bonds, all expenses incurred by the Company, all interests accruing after entry of judgment until the Company has paid, tendered or deposited in Court such part of such judgment as does not exceed the limit of the company's liability thereon, also any expense incurred by the Assured for such immediate surgical relief as shall be imperative at the time of bodily injury,' and each of the defendant insurance companies inserted a clause and condition in the contract that they did, separately assume one half of the liability for any loss or damage under the policy."

Paragraphs 9 and 10 are as follows:

"That the said policy of insurance contained a further clause and provision as follows:

" *'This policy provides indemnity only as follows*:

" 'Loss or damage by the car,

" 'Liability, Limit for one person $25,000.'

and this plaintiff says that by reason of the allegations as to the insurance companies defendant, hereinabove contained, the said Insurance Companies, defendant, have or claim to have an interest in the controversy, adverse to the plaintiff and is a necessary party to a complete determination and settlement of the questions involved, and is a proper party to this action.

"X. That the defendants the Citizens Fund Mutual Fire Insurance Company and the National Implement Mutual Insurance Company, are jointly and severally liable to this plaintiff for the damages suffered by him under and by virtue of the provisions of said Policy. Wherefore Plaintiff demands judgment against the defendants for the sum of Fifty Thousand Dollars, together with his costs and disbursements in this action."

The two insurance companies demurred to the complaint as follows:

"I. That the Court has no jurisdiction of the subject of the action attempted to be stated in said complaint.

"II. That several causes of action have been improperly united.

"III. That the complaint does not state facts sufficient to constitute a cause of action against these defendants or either of them."

Upon the hearing of the demurrer the court entered an order sustaining the demurrer, from which order plaintiff has appealed.

Appellant contends that he has a right to sue the owner of the car and the insurance companies jointly. He has cited as authority for so doing certain sections of the South Dakota 1919 Revised Code which read as follows:

"§ 2314. Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. * * *"

"§ 1464. Indemnity is a contract by which one engages to save another from a legal consequence of the conduct of one of the parties, or of some other person."

"§ 1469. One who indemnifies another against an act to be done by the latter, is liable jointly with the person indemnified, and separately to every person injured by such act."

■ ■ It may be conceded, we think, that the policies of insurance were in the nature of an indemnity contract. That sections 2314 and 1469, above quoted, make it possible to join all of the defendants herein is somewhat doubtful. In the case before us it seems that the relationship is founded upon the contract of indemnity, and unless the assumption of this relation put the insuring defendants in such a position with reference to the defendant Ryan that it became liable with the latter for all wrongs committted during the course of the operation of the automobile which fall within the terms of the contract, they cannot be held liable in this action.

The Supreme Court of Montana in Cummings v. Reins Copper Co., 40 Mont. 599, 107 P. 904, 911, dealing with a similar sitnation, dealt at length with the liability of each of the parties and has made the distinction as to the indemnitors on a sheriff's bond in which they were held liable with the sheriff when he unlawfully seized and retained property at their instance, stating that that liability was because they had in a legal sense prompted his action and therefore participated with him in a wrong as principals, and not because they were liable to the plaintiff on the contract of indemnity. Construing its statute similar to ours, the court said: "Section 6215 of the Revised Codes declares: 'The provisions of this Code, so far as they are substantially the same as existing statutes, or the common law, must be construed as continuations thereof, and not as new enactments.' In view of this provision we must hold that section 5653, supra, does not change the rule recognized in the cases cited, unless the language employed in it impels to the contrary conclusion. The phrase, 'an act to be done,' with reference to which the indemnity exists, clearly implies an act the nature of which is known to the parties, and one which is yet anticipated. It also strongly implies that the liability contemplated is to accrue from the doing of the act, and not upon the contract of indemnity. This view does no violence to the language employed; on the contrary, it seems to be the plain and obvious import of it. At the same time it renders unnecessary the conclusion that the Legislature intended, in enacting it—not by express declaration, but by the barest implication—to abrogate a rule of law which is based upon a fundamental principle. In the case of Moore v. Los Angeles Iron & Steel Co. (C. C.) 89 F. 73, a

contrary view is expressed; but the reasons assigned do not commend themselves to our judgment. In the case of Northam et al v.:Casualty Company of America [C. C.] 177 F. 981, Judge Dietrich, of the United States District Court for the District of Idaho, went at some length into the history of the statute, and reached a conclusion in accord with that expressed above. To us his reasoning seems unanswerable."

The Supreme Court of Montana in a recent decision (1934) in Conley v. U. S. Fidelity & Guaranty Co., 98 Mont. 31, 37 P. (2d) 565, 566, again considered the joinder of parties defendant where the facts alleged were almost identical to those in Cummings v. Reins Copper Co., supra. It reviewed statutes similar to ours and held that such joinder was not permissible. Referring to their statute 8168, similar to our section 1469, the court said: "The phrase 'an act to be done,' with reference to which the indemnity exists, clearly implies an act the nature of which is known to the parties, and one which is yet anticipated. It also strongly implies that the liability contemplated is to accrue from the doing of the act, and not upon the contract of indemnity."

Certain federal and state decisions of the court of California were reviewed with the comment that the court was not disposed to depart from the interpretation of section 8168 as promulgated by it in Cummings v. Reins Copper Co., supra, stating that "this section does not operate, under the terms of the policy in question, to give plaintiff a right of action against the defendant corporation prior to an adjudication of a liability against an assured under the terms and conditions of the policy." The court, further construing a section of their statute as to whether or not the contract might be made for the benefit of third parties, states as follows: "Nor has the plaintiff a cause of action by reason of the provision of section 7472, Revised Codes 1921, where it is declared that 'a contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.' This court, in the case of McKeever v. Oregon Mortgage Co., Ltd., 60 Mont. 270, 198 P. 752, 753, in interpreting the latter section, said: 'It is held by practically all of the authorities that it is not sufficient that the contract may incidentally benefit the third party. Tatem v. Eglanol Mining Co., 45 Mont. 367, 123 P. 28. The party for whose benefit the contract is made must

be named or otherwise sufficiently described or designated. Bacon v. Davis, 9 Cal. App. 83, 98 P. 71; 13 C. J. 711. However, if the contract was made expressly for the benefit of a class of persons to which class the party seeking enforcement belongs, he may obtain the benefit of it. Burton v. Larkin, 36 Kan. 246, 13 P. 398, 59 Am. Rep. 541.'"

There are authorities which hold that suit may be brought against the insured and the insurer in one action. Those cases indicate that the policies were issued for the use and benefit of any one injured, and in some cases the policies were written to comply with an ordinance or statute permitting the operation of vehicles, and in those cases the ordinances or statutes might become a part of the policy or bond. The facts in the case before us are entirely different. The contract concerns only the immediate parties thereto, the insured and the insurer. We are aided by appellant's brief in the statement of the following: "The insurance policy in the present case was not given under any statute requiring the operator of an automobile to be protected, neither is there any clause in the policy giving the person injured a right of action to proceed directly against the insurance company for his damage."

Appellant relies largely upon section 1469, contending that the language therein makes an indemnitor jointly and separately liable to a person injured. We do not believe that the statute in question ever became a part of the insurance policy. Some regard must be given to the language employed in the policies for the reason that the policy does not give the person injured a right of action to proceed directly against the insurance company for damages, and the policy not having been given pursuant to some requirement such as an ordinance or statute, the intention of the parties to the contract must govern. It is our duty to give force and effect to the intention of the parties wherein the insurance companies agreed to defend in the name and on behalf of the assured any suit seeking damages and after the establishment thereof to pay, irrespective of the limit of liability, stated in the policies, all costs taxed against the assured in any such defended suit and after a judgment had been obtained no more than the amount specified in the policy. Those are practically the terms which are made as a condition precedent to the right of the injured party to maintain an action against the insurance companies, and where the rights

of the parties are fixed by contract the law will uphold such rights, and as was said in Small v. Morrison, 185 N. C. 577, 118 S. E. 12, 31 A. L. R. 1135, "The assured could have applied for, and no doubt obtained, a policy of insurance which would have given the instant plaintiff a right to maintain an action against the indemnity company, without first suing the assured; but this was not done, and we are not at liberty to add such a provision to the present contract."

Reviewing the provisions of the contract of insurance contained in the record before us, we feel that the provisions are definitely stated and are persuasive to the effect that the parties thereto had in mind the creation of indemnification of the insured without being faced by suit from outsiders. We cannot escape from the conclusion that such was the intention of the parties to the insurance contracts before us.

The order appealed from is affirmed.

POLLEY and RUDOLPH, JJ., concur.

CAMPBELL and ROBERTS, JJ., concur in result.