## SEABORN v. PREFERRED ACC. INS. CO. OF NEW YORK.

No. 34363. July 2, 1952.

246 P. 2d 365.

P. D. Erwin, Chandler, for plaintiff in·error.

Draper Grigsby and James D. Foliart, Oklahoma City, for defendant in error.

PER CURIAM. This is an action brought by Luther Seaborn, plaintiff against Preferred Accident Insurance Company ·of New York, defendant.

Plaintiff owned and operated a produce and feed store and an electrical appliance store in Chandler, Oklahoma. Plaintiff procured a public liability policy from the defendant insurance company, which was in full force and effect on November 28, 1947, at which time plaintiff's wife, Athea Seaborn slipped, fell, and sustained serious injury while visiting in plaintiff's store. Plaintiff sent his wife to a hospital and secured medical treatment and purchased drugs, both in Chandler and Oklahoma City. Surgery was performed. The total bills for such combined services were in the sum of $1,604.50, which plaintiff paid. Plaintiff, the named insured, sued the insurance company for reimbursement of the amount paid, attaching the policy as an exhibit. The trial court sustained the defendant's demurrer to plaintiff's petition from which the plaintiff appeals.

The issues to be decided were, first, Does the policy indemnify against liability or loss: second, Can the named assured sue and recover against the insurance company prior to a determination of the liability by judgment or by written agreement by the third party? and, third, Does the emergency medical and surgical expense clause in the policy permit the named assured to pay for the medical, surgical and hospital expense for treatment and recover such loss from the insurance company?

1. Under the "Insuring Agreements" of its contract, it is provided:

"1. To pay, on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages * * *."

The procedure for determining the liability of the insured is specifically defined in paragraph ten under "Conditions" as follows:

"10. Action Against Company—No action shall lie against the company unless, as a condition precedent thereto,

the insured shall have fully complied with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined, either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company."

This policy, from reading its provisions, is a liability policy. Liability of the insurer is dependent upon the liability of the insured. The liability of the insured, as provided by the policy, is to be finally determined by judgment against him or by written agreement of the insured, the claimant, and the company. Insurance Law and Practice, Appleman, vol. 7, §4261; Boling v. Ashbridge, 111 Okla. 66, 238 P. 421; Conley v. U.S.F. & G. Co., 98 Mont. 31, 37 P. 2d 565.

Plaintiff did not allege in his petition that liability of the insurer had accrued by reason of judgment or by written agreement as provided by the policy. He only alleged that he paid the bills. Therefore, on the face of the petition no cause of action was stated, except as to possible emergency treatments and expenses.

2. Title 15 O. S. 1951 §216, and §§8 and 9, art. 23 of the Oklahoma Constitution, are not violated by the No-action Clause in the conditions of this public liability policy for the reason that the No-action provision in the insurance policy does not restrict the method or time limit in determining the liability of the named insured. It merely provided certain conditions precedent to enforcing the liability. The provisions of the policy in question provide that no action can be maintained against the insurer unless the liability of the insured has been determined, either by judgment or by written agreement, and until the liability has been determined, either by judgment against the insured by the injured person, or by written agreement, there is no issue to be decided between the insured and the insurer. 29 Am. Jur. "Insurance," §1075.

3. Paragraph 9 under "Conditions" of the policy provides:

"* * * The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation, or incur any expense other than such immediate medical and surgical relief to others as shall be imperative at the time of the accident."

The words "such immediate surgical relief as is imperative" contemplates emergency or first hand relief, and does not include surgery and medical treatment and hospital charges and compensation to nurses and other expenses incident to and necessarily incurred in the usual and ordinary treatment of the injured party which are rendered in order to restore the injured party to her normal condition. 29 Am. Jur. "Insurance," §1076; 71 S.L.R. 1469-72; 77 A.L.R. 1196-1198, and cases cited.

However, the petition contained the allegations that the items of expense, therein detailed and for which plaintiff sought relief, were incurred as "required immediate medical and surgical relief" for plaintiff's wife. The description and amount of each of the items would indicate that a major portion of such expense was not within the policy provision but the distinction between the amounts within and without the provision would require evidence with regard thereto. The rule is well established in this jurisdiction that:

"A general demurrer to a petition may be sustained only where it is so defective that, taking all facts as admitted, no cause of action is stated entitling plaintiff to any relief." Moseley v. Smith, 173 Okla. 503, 49 P. 2d 775.

What amount, if any, plaintiff is entitled to recover will depend entirely upon the evidence produced, but the petition is not so substantially defective "as to authorize the court to say that, taking all the facts to be admitted, they furnished no cause of action." Therefore the demurrer should

be overruled. Jackson v. Moore, 79 Okla. 59, 191 P. 590.

The judgment is reversed and the cause remanded, with directions to proceed in a manner not inconsistent with the views herein expressed.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, and O'NEAL, JJ., concur.