John Herbert WALLACE and Esther Mae Wallace, Plaintiffs in Error,

v.

A. Lee WILLIAMS and Ola Williams, Husband and Wife, Defendants in Error.

No. 37418.

Supreme Court of Oklahoma.

May 28, 1957.

Rehearing Denied July 24, 1957.

Milton W. Hardy, of Hardy & Hardy, Tulsa, for plaintiffs in error.

Rogers & Brightmire, Tulsa, for defendants in error.

CARLILE, Justice.

John Herbert Wallace and Esther Mae Wallace, husband and wife, filed this action in June, 1954 against A. Lee Williams and Ola Williams, husband and wife. The plaintiffs filed an original petition, an amended-supplemental petition, and then a re-cast amended petition. The defendants presented a demurrr to the last petition, as follows:

"Defendants demur to the recast and amended petition of plaintiffs for the reason and on the ground that the same fails to state facts sufficient to constitute a cause of action in favor of plaintiff and as against these defendants, in this, that it affirmatively appears from the face of said recast and amended petition that the alleged and purported oral agrcement on which plaintiffs rely was void under the statute of frauds of the State of Oklahoma; was void as constituting a perpetuity; was abrogated by written agreements between the parties, and that said alleged oral agrecments would vary the terms of said written instruments, and that whatever rights plaintiff might have had under any oral agreement are barred by the statute of limitations."

The demurrer was sustained without reference to any specific ground of the demurrer. Having elected to stand on their petition, plaintiffs' action was dismissed and they perfected this appeal. The parties will be referred to herein as they were in the trial court.

Plaintiffs allege that the trial court erred in sustaining demurrer to the petition and in dismissing their action. Such specifications of error are presented and argued by plaintiffs under five propositions, the first being:

"A demurrer to a petition may be sustained only when the petition is so defective, where taking all facts as admitted, no cause of action is stated."

The statement is in accord with the holding in Seaborn v. Preferred Accident Insurance Co. of New York, 206 Okl. 626, 246 P.2d 365, and other decisions.

"For purpose of testing the sufficiency of a petition, a demurrer thereto admits truth of all facts well pleaded together with all inferences which may be drawn therefrom, and petition is to be liberally construed in favor of plaintiff, but if plaintiff is not entitled as matter of law to recover under facts alleged in petition, demurrer thereto should be sustained." Holt v. Jones, 208 Okl. 30, 252 P.2d 460.

A proper application of the rules to the petition is the question here involved.

The second proposition presented by plaintiff is:

"The petition states a cause of action for damages for constructive eviction."

Proposition four is:

"The Statute of Frauds is no bar to an oral contract for an interest in land, where plaintiff has made valuable and permanent improvements on the land, and where to sustain the demurrer would aid the defendant in perpetrating a fraud upon the plaintiff."

And the fifth proposition presented is in substance that the Statute of Limitations is no bar to the action for constructive eviction.

We will consider the three propositions together.

The plaintiffs allege in their amended petition that in 1948 it was orally agreed between John Herbert Wallace and the defendants that in consideration of Wallace converting the automobile garage empty storage space, 9 North Indianapolis, Tulsa, Oklahoma, owned by the defendants, into modern quarters and space for human habitation and occupancy, Wallace would have the possession and occupancy thereof at Wallace's option for successive continuing terms of three years, consecutively renewable at Wallace's option, for a base rental of $50 per month, such agreement to be evidenced by written lease forms; that relying on the oral agreement Wallace expended about $2,570 on the premises, affixing thereto permanent and valuable improvements, and converting the space into an osteopathic physician and surgeon's offices, rooms and living quarters; that defendants, in performance of said oral agreement, delivered two successive agreements of three-year terms, dated February 20, 1948 and February 20, 1951, and promised to execute a third lease, but neglected and declined to do so; that plaintiffs were in possession as occupants of the premises until about August 20, 1954, when they were constructively evicted; that while in possession of the premises plaintiffs conducted a profitable business in the profession of osteopathic physician and surgeon; that during such period the space was extended and the rental increased in the sum of $18 per month.

Plaintiffs further allege that during their tenancy an outside wall partition diverted or permitted surface waters to drain and stand on the floor of the premises occupied by plaintiffs; that defendants failed to correct and repair the condition, which interfered with plaintiffs' quiet and peaceable enjoyment of the premises; that defendants authorized the plaintiffs to repair the leak and agreed to pay the cost thereof, but failed to pay such costs; that in connection with the repair of the wall the defendants consented to the installation of a window in the premises and agreed to reimburse plaintiffs for the cost thereof, but failed to do so.

Plaintiffs further allege that the defendants authorized the construction of a sidewalk on the premises and agreed to reimburse plaintiffs for the cost thereof, but failed to do so; that defendants interfered with plaintiffs' quiet and peaceable enjoyment of the premises, demanding that after April or May of 1954 plaintiffs abandon occupancy of the premises as their home, demanding an increase of rentals to $100 and payment of utility bills; that defendants refused a tender of rentals and notified plaintiffs that rentals would be increased February 20, 1955; that after service of summons on them in this case defendants caused their attorney to serve notice on plaintiffs to vacate the premises, which act and prior acts constituted a constructive eviction of the plaintiffs and plaintiffs, to mitigate damages and avoid further litigation, did abandon and surrender possession of the premises to defendants on August 18, 1954; that as a result thereof plaintiffs suffered damages, describing them, in the aggregate sum of $23,997.72, and further alleged that they were entitled to reimbursement for the value of the improvements placed on the premises by them, and for determination of what fixtures may be removed from the premises.

We consider the petition sufficient as against the several grounds of demurrer, except that it fails to allege facts sufficient to show and establish a constructive eviction of plaintiffs from the premises, and fails to allege facts sufficient to entitle plaintiffs to a determination of certain

rights alleged in the concluding paragraph of the petition.

■ The Statute of Frauds no longer applied to the alleged oral agreement when and after the agreement was complied with by the parties thereto. Such is the rule announced in the case of Tulsa Herald, All Church Press v. National Mutual Casualty Co., 199 Okl. 29, 182 P.2d 496, which holds:

"A lease of real property for a period of more than one year, and option to renew or extend the same for a like period, invalid under the statute of frauds, but otherwise valid, may be removed from the effect of the statute of frauds by part performance such as taking possession together with full or part payment of the consideration."

■ This agreement was not void as constituting a perpetuity. Tipton v. North, 185 Okl. 365, 92 P.2d 364, 367, holds valid a lease which contained an option to renew it from year to year and quotes with approval the following:

" 'Covenants in a lease for continual renewals, while not favored, because tending to create a perpetuity, are valid and enforceable if explicit and clear.' "

The petition refers to two executed three-year leases, alleged to have been executed in compliance with the agreement. Such leases are not made a part of the petition and the terms thereof are not set out in the petition. It is not apparent from the petition that the agreement was abrogated by or in conflict with the written leases. We are limited to a consideration of the allegations of the petition which are to be taken as true on demurrer. We observe no sufficient allegation in the petition to warrant a holding that plaintiffs' alleged rights are barred by the Statute of Limitations.

The alleged constructive eviction, the basis for much of the damages claimed by plaintiffs, occurred subsequent to the filing of plaintiffs' original petition in June, 1954, and no limitation was applicable thereto.

■ The plaintiffs do not point out in their brief the acts which they say constitute constructive eviction, but in their petition allege, as one of the acts which interfered with their quiet and peaceable enjoyment of the premises, the failure of defendants to repair or correct a defect in a partition wall whereby surface water drained and stood on the floors of the premises, and that defendants promised but failed to repair the same, and authorized plaintiffs to repair the defect, but failed to pay the expense, and allege that it was the duty of the defendants to keep the premises fit for human habitation. 41 O.S.1951 § 32, provides that where a lessor neglects to repair dilapidations which he ought to repair the lessee may make the repairs and deduct the expense from the rental, or he may vacate the premises. By making the necessary repairs plaintiffs waived any right to vacate the premises on that ground, or claim the defect as a ground for eviction. Alfe v. New York Life Ins. Co., 180 Okl. 87, 67 P.2d 947, holds that the statutory remedy is exclusive and gives the tenant no right of action for damages for failure of the landlord to make such repairs.

■ Plaintiffs further allege in their petition that defendants interfered with their quiet enjoyment of the premises, demanding after April, 1954 that plaintiffs abandon occupancy of their living quarters, and demanded an increase in the rentals. It is not clear from the petition whether an increase or adjustment of the rentals was authorized under the lease, but the petition refers to the basic rental as $50 per month. Such demand whether valid or otherwise, without affirmative action would not be such an act as would deprive a tenant of the possession, use or enjoyment of the premises.

■ Plaintiffs further allege that on June 20, 1954 the defendants caused their attorney to serve notice upon plaintiffs to vacate the premises, which act and prior acts interfered with plaintiffs' quiet and peaceable enjoyment of the premises and constituted a constructive eviction.

In the heading to the Annotation in 14 A. L.R.2d 1451, on the question of constructive eviction the following statement is made:

"There is some authority to the contrary, but the prevailing view would seem to be that a mere notice to the tenant to quit, followed by his vacation of the premises, is not of itself sufficient to constitute an eviction and give the tenant a right to damages, the theory being that to constitute a constructive eviction there must be some substantial interference which is injurious to the tenant's beneficial use and enjoyment of the premises."

"Action of the landlord which will sustain a 'constructive eviction' must be of a grave and permanent character, and done with the intention of depriving the tenant of the full enjoyment of the premises in an important and not a trivial matter, and it must consist of an invasion of a material character tending to make further occupation attendant with serious consequences or continuing discomfort." Mileski v. Kerby, 57 Wyo. 109, 113 P.2d 950.

The plaintiffs cite the case of New State Brewing Ass'n v. Miller, 43 Okl. 183, 141 P. 1175, in which opinion the court states that it is well settled that whether there has been a constructive eviction depends upon the facts and circumstances of each particular case. An examination of the facts and circumstances in that case shows that the acts of the lessor were such as to materially interfere with and impair the lessee's use of the leased premises. In the present case there was an apparent controversy between the parties as to the amount of rentals due or to be paid under a renewal of the lease, and the right to use the premises for living quarters, but there is no allegation that the possession, use and enjoyment of the premises was interfered with or any trespass committed by the defendants. In First State Bank of Keota v. Wadley, 103 Okl. 147, 229 P. 582, 585, the opinion quotes with approval from 2 Tiffany on Landlord and Tenant, Sec. 185, 1260, as follows:

"'In order to support inference of an intention to deprive the tenant of possession, the landlord's act or acts must not only involve a substantial interference with the tenant's enjoyments of the premises, but the interference must be more or less permanent, as is generally said "the act of the landlord must be something of a grave and permanent character."'

"These definitions are supported by our court in the case of New State Brewing Association v. Miller, 43 Okl. 183, 141 P. 1175, and practically all the authorities on the subject hold that there can be no eviction without some interference with the possession or enjoyment of the premises."

In the present case the plaintiffs instituted this action to determine their alleged rights in the premises and then without a change in conditions subsequently surrendered possession of the premises to defendants without waiting for a judicial determination. Plaintiffs include and seek to recover $365 as an item of damage arising from eviction the following:

"(d) Expense of redecorating, painting, cleaning and improving said property for the landlord's benefit on abandoning and surrendering possession of the premises."

Such act by plaintiffs appears inconsistent with their allegation that they were maliciously evicted from the premises. Applying the rules and principles of law applicable to the amended petition, and the allegations therein, we conclude and hold that the petition failed to allege facts sufficient to establish a constructive eviction of the plaintiffs from the premises. Failure of plaintiffs to allege facts sufficient to constitute a cause of action based on constructive eviction precludes a recovery of damages on such ground, but the petition is not otherwise subject to demurrer if it alleges facts sufficient to show the right of plaintiffs to recover damages upon other grounds.

The amended petition in the present case alleges that the plaintiffs, during their tenancy, repaired a partition wall, which caused surface water to drain and stand on the floor of the premises, and that defendants authorized it repaired and agreed to reimburse plaintiffs for the costs, but failed to do so; that in connection with the repair of the wall the defendants consented to the construction of a window, necessary for light and air in the premises, and agreed to reimburse the costs to plaintiffs, but failed to do so. It further alleges that defendants authorized and directed the construction of a sidewalk on the premises and agreed to reimburse plaintiffs for the costs, but had failed to do so. The cost of such repair and improvements is not itemized in the amended petition, but reference is made to plaintiffs' prior pleading, which listed the three items of expense. We consider the allegation of the amended petition sufficient to state and show a cause of action and right of recovery against the defendants for the cost of the three items, as they are not damages growing out of the alleged eviction.

"As against a demurrer, a petition must be liberally construed, and all of its allegations of fact must be taken as true, together with all reasonable inferences thereform. If any fact stated therein entitled the plaintiff to any relief, the demurrer should be overruled." Holt v. Board of Commissioners of Oklahoma County, 205 Okl. 178, 236 P.2d 476, 477.

The plaintiff's third proposition is:

"The petition states an equitable action for determination of title to fixtures irrevocably attached to and united with the land."

We are unable to agree with this statement. The present case is a law action and not one of equitable cognizance. The concluding paragraph of the petition reads:

"Plaintiffs are further entitled to reimbursement for value of the improvements placed on said premises by them, for determination of the ownership of property inseparably attached to form a single thing, for determination of what fixtures may be removed from the premises, for an accounting and settlement of all mutual claims and obligations between the parties, and for all further and general relief."

No specific facts are alleged in support of the allegation, and the petition as a whole fails to support the same.

In Poulos v. Carter, 200 Okl. 325, 193 P.2d 591, 594, it is said:

" * * * Upon the consideration of a demurrer to a petition only those facts well pleaded in the petition are admitted by the demurrer. * * * mere conclusions of a pleader stated in general terms do not constitute well pleaded facts which a demurrer admits. * * *."

In their brief plaintiffs refer to 60 O.S.1951 § 334, which relates to removal of fixtures attached to land and assert that they state a cause of action under the statute when they asked the court to determine which items or fixtures were removable, but they fail to allege any fact which would require an application of the statute.

They also refer to 60 O.S.1951 § 341, which statute defines the right of owners whose things have been united to form a single thing. It does not apply to real estate fixtures or the allegations in the petition. Plaintiffs' third proposition is not supported by the record.

For reasons herein stated this case is remanded to the District Court of Tulsa County with directions to set aside and vacate the order sustaining the demurrer to plaintiffs' amended petition and the judgment dismissing the action, and to proceed in accordance with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS and JACKSON, JJ., concur.

BLACKBIRD, J., concurs in result.