Leslie ECKELS, Plaintiff In Error,

v.

Dr. Clifford TRAVERSE and St. Paul Mercury Indemnity Company, a Minnesota Corporation, Defendants In Error.

No. 39034.

Supreme Court of Oklahoma.

June 6, 1961.

See also 362 P.2d 680.

**684**

Ted R. Fisher, Paul W. Brightmire, Tulsa, for plaintiff in error.

Foliart, Hunt & Shepherd, Oklahoma City, for defendants in error.

JOHNSON, Justice.

This is an appeal from a judgment of the District Court of Tulsa County, Oklahoma. The parties appear here as in the trial court and will be referred to under their trial court designations.

Hazel Eckels, wife of plaintiff, was operated on by the defendant Dr. Clifford Traverse, a resident of Woods County, Oklahoma, in Woods County. This suit was brought against him to recover for damages sustained by the husband by reason of the alleged malpractice of defendant Traverse. It was sought to establish venue in Tulsa District Court by joining the insurance company, St. Paul Mercury Indemnity Company, as co-defendant.

To the amended petition, which had attached a copy of the insurance policy, the insurance company filed its motion to strike and demurrer. In ruling upon such motion and demurrer, the court entered the following order:

"* * * After being duly advised in the premises the Court finds, orders and adjudges as follows:

"1. That the 4th paragraph of the Motion of St. Paul Mercury Indemnity Company to strike from plaintiff's Amended Petition be and is hereby sustained, and exceptions are allowed. The other grounds of said Motion are now moot and require no action by this Court.

"2. That the Demurrer of St. Paul Mercury Indemnity Company to the plaintiff's Amended Petition is hereby sustained, and exceptions are allowed.

"That plaintiff, in open Court, immediately after the foregoing rulings and orders of the Court, elected to stand upon his Amended Petition and the Court thereupon orders and decrees that plaintiff's Amended Petition should be and the same is hereby dismissed as to the defendant St. Paul Mercury Indemnity Company, and exceptions are allowed.

"Thereupon, the defendant Dr. Clifford Traverse, through his counsel, orally renewed his objection to the venue of the Court, and upon reconsideration of the objection of said defendant to the venue, in light of

the dismissal of the action as to defendant St. Paul Mercury Indemnity Company, it is therefore ordered that the action be and the same is hereby dismissed for want of venue as to the defendant Dr. Clifford Traverse, and exceptions are allowed.

"The plaintiff thereupon in Open Court gives notice of his intention to appeal to the Supreme Court of the State of Oklahoma from the adverse rulings, orders and judgment of the Court herein in favor of the defendants and against the plaintiff, and requests that such notice be entered on the trial docket of this Court as provided by law.

"The plaintiff further gives notice in open Court to the Clerk of this Court of his election to proceed upon the original record for such appeal, as provided by law.

"It Is Further Ordered that the judgment of this Court be stayed, pending the disposition of said appeal, without the necessity of filing a supersedeas bond."

From said ruling plaintiff has perfected this appeal.

There is but one issue involved: May the insurance carrier be joined in this action? If not, the action fails against the carrier and ipso facto the court is without venue to hear the cause against the defendant Traverse.

Among the provisions of the policy were the following:

"2. Personal Liability—To pay all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law or contract for damages, including damages for bodily injuries, care and loss of services, sickness or disease, mental anguish, including death at any time resulting therefrom, sustained by any person or persons, and for damages because of injury to or destruction of property."

Clearly then, the contract was one of indemnity. It further provided that:

"5. Action Against Company. No action shall lie against the company unless, as a condition precedent thereto, the Insured shall have fully complied with all of the terms of this Policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant, and the Company. Any person or his legal representative who has secured such judgment or written agreement shall thereafter be entitled to recover under the terms of this policy in the same manner and to the same extent as the Insured. Nothing contained in this Policy shall give any person or organization any right to join the Company as a co-defendant in any action against the Insured to determine the Insured's liability. Bankruptcy or insolvency of the Insured or of the Insured's estate shall not relieve the Company of any of its obligations hereunder."

These provisions of the policy are sufficient, in our opinion, to determine the issue.

There is no statutory requirement compelling a physician to carry indemnity insurance. It is wholly a matter of choice with the physician.

The plaintiff urges that the case of Martin v. Jackson, Okl., 261 P.2d 878, construing Sec. 426, Title 15 O.S.1951, is decisive of the issue herein. With this contention we cannot agree for the following reasons:

1. We construe the first paragraph of the syllabus in the Martin case to mean that where a domesticated foreign corporation and an individual are sued for a tort that the action may be brought in the county of plaintiff's residence and summons may be issued to other counties for the defendants. Such paragraph does not hold that such defendants are necessarily properly joined.

2. In Ohio, as in Oklahoma, the syllabus is the law of the case, and this rule has been most strictly construed by the Supreme Court of that state. We are convinced that that court has adopted the correct interpretation of the rule when dictum inadvertently is incorporated in a syllabus. That court said in Williamson Heater Co. v. Radich, 128 Ohio St. 124, 190 N.E. 403, 404:

"The defendants in error, as did the courts below, rely upon the first paragraph of the syllabus in the case of Matzinger v. Harvard Lumber Co., 115 Ohio St. 555, 155 N.E. 131, as decisive of the matter. It is worded as follows: 'The provisions of section 8312, General Code, requiring notice to be served upon the owner of a structure being erected under contract, apply to the contractor and subcontractor but not to material men.' Although the words 'and subcontractor' are included in the rule there enunciated, an examination of the opinion discloses that the only person involved was a materialman, and not a subcontractor. Furthermore, the syllabus does not decide or mention whether the element of demand is involved in the notice to be served by a subcontractor. It is, of course, true that the syllabus of a decision of the Supreme Court of Ohio states the law of Ohio. However, that pronouncement must be interpreted with reference to the facts upon which it is predicated and the questions presented to and considered by the court. It cannot be construed as being any broader than those facts warrant. When obiter creeps into a syllabus, it must be so recognized and so considered. It is therefore evident that the Matzinger Case, supra, is not dispositive of the instant question. Baltimore & Ohio R. Co. v. Baillie, 112 Ohio St. 567, 148 N.E. 233; 11 Ohio Jurisprudence, 796."

We are convinced that the only issue in the Martin case was one involving res

adjudicata, and that any expression concerning joinder of parties was dictum.

3. The construction urged is contrary to the opinion of this court in the upholding of the "no action clause" in the case of Seaborn v. Preferred Accident Ins. Co., 206 Okl. 626, 246 P.2d 365. The no action clause in such case was identical with the case at bar.

For these reasons we hold that the Martin case, supra, does not sustain the contention of plaintiff herein.

We must now determine whether the insurer was improperly joined with the defendant.

The State of Montana has a statute very similar to 15 O.S.1951 § 426, supra. It reads:

"One who indemnifies another against an act to be done by the latter is liable jointly with the person indemnified, and separately to every person injured by such act." Sec. 8168, Rev. Code 1921.

In construing the effect of this statute, the court held in Conley v. United States Fidelity & Guaranty Co. et al., 98 Mont. 31, 37 P.2d 565, that this statute providing that one who indemnifies another against act to be done by latter is liable jointly with person idemnified, did not give occupant of automobile cause of action for injuries against insurer under automobile liability policy prior to adjudication of liability against insured.

The annotated statutes reveal that Title 15 O.S.1951 § 426, was adopted from Dakota. In the interpretation of this particular statute we believe the case of Zeigler v. Ryan, 63 S.D. 607, 262 N.W. 200, 203, to be enlightening. Section 1469 of the Revised Code of South Dakota 1919 is identical with Section 426, supra. In construing this statute and considering the joinder of the insured and insurer in one action the court says:

" * * * The phrase, 'an act to be done,' with reference to which the indemnity exists, clearly implies an act the nature of which is known to the

parties, and one which is yet anticipated. It also strongly implies that the liability contemplated is to accrue from the doing of the act, and not upon the contract of indemnity. This view does no violence to the language employed; on the contrary, it seems to be the plain and obvious import of it.

\*    \*    \*    \*    \*    \*

"There are authorities which hold that suit may be brought against the insured and the insurer in one action. Those cases indicate that the policies were issued for the use and benefit of any one injured, and in some cases the policies were written to comply with an ordinance or statute permitting the operation of vehicles, and in those cases the ordinances or statutes might become a part of the policy or bond. The facts in the case before us are entirely different. The contract concerns only the immediate parties thereto, the insured and the insurer. We are aided by appellant's brief in the statement of the following: 'The insurance policy in the present case was not given under any statute requiring the operator of an automobile to be protected, neither is there any clause in the policy giving the person injured a right of action to proceed directly against the insurance company for his damage.'

"Appellant relies largely upon section 1469, contending that the language therein makes an indemnitor jointly and separately liable to a person injured. We do not believe that the statute in question ever became a part of the insurance policy. Some regard must be given to the language employed in the policies for the reason that the policy does not give the person injured a right of action to proceed directly against the insurance company for damages, and the policy not having been given pursuant to some requirement such as an ordinance or statute, the intention of the parties to the contract must govern. It is our duty to give force and effect to the intention of the parties wherein the insurance companies agreed to defend in the name and on behalf of the assured any suit seeking damages and after the establishment thereof to pay, irrespective of the limit of liability, stated in the policies, all costs taxed against the assured in any such defended suit and after a judgment had been obtained no more than the amount specified in the policy. Those are practically the terms which are made as a condition precedent to the right of the injured party to maintain an action against the insurance companies, and where the rights of the parties are fixed by contract the law will uphold such rights, and as was said in Small v. Morrison, 185 N.C. 577, 118 S.E. 12, 31 A.L.R. 1135, 'The assured could have applied for, and no doubt obtained, a policy of insurance which would have given the instant plaintiff a right to maintain an action against the indemnity company, without first suing the assured; but this was not done, and we are not at liberty to add such a provision to the present contract.' "

█ We are convinced that this is the correct interpretation of the statute and hold that Section 426, supra, does not authorize the joining of the insured and insurer as co-defendants in a damage suit under the circumstances of this case.

Judgment affirmed.

WILLIAMS, C. J., and WELCH, DAVISON, HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.