**Arthur L. MILLER, Appellant (Plaintiff below),**

**v.**

**George E. BROWN and H Triangle Livestock Company, Inc., a Corporation, Appellees (Defendants below).**

**No. 3739.**

Supreme Court of Wyoming.

May 7, 1969.

Gerald A. Stack, Chester Ingle, Thermopolis, for appellant.

Floyd D. Gorrell, J. T. Langdon, Worland, for appellees.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

An action for declaratory judgment was brought by Arthur L. Miller against George E. Brown and H Triangle Livestock Company, Inc. Plaintiff has sought construction of an agreement entered into between Miller and Brown and damages for dispossession of Miller from a ranch home.

Miller sold Brown approximately a one-half interest in H Triangle Livestock Company, Inc., the interest being represented by 24,999 shares of stock in the company. A written sales agreement between the two parties was entered into. Paragraph 9 of the contract contained the following provision which is pertinent to our decision:

"That the party of the first part [Miller] shall continue to reside in the ranch home the same as he has heretofore, until such time as he may make his residence and home elsewhere, and, the party of the first part shall pay the sum of $500.00 per year, to the party of the second part [Brown] as yearly rental for the occupancy of said premises."

The sales agreement provided a schedule for payment of the purchase price and provided payments should be made from the proceeds of the sale of certain livestock each year. It was stated in the contract that the term of the agreement should be for a period of ten years. However, the purchaser was given the option to pay off the debt in five years.

At the end of five years, Brown did in fact exercise his option and paid the balance of the purchase price which was owing to Miller. This was affirmatively pleaded and admitted by Miller in his complaint.

Taking the position that payment of the balance of the purchase price pursuant to the purchaser's option terminated Miller's right to continue to reside in the ranch home, Triangle caused its attorney to serve notice on Miller to quit and vacate the premises. Miller complied and moved out. Plaintiff alleges in his complaint that he was served with notice to quit the premises; and that by reason of such notice he re-moved from the premises shortly thereafter and has been kept out of possession of the ranch home by defendants ever since.

According to paragraph 9 of the sales agreement, which we have set out above, Miller had the right to continue to reside in the ranch home only "until such time as he may make his residence and home elsewhere." We fail to see how language could be more clear.

If defendants were wrong about Miller's occupancy rights being terminated when all of the purchase price was paid, then the corporation would have had no right to eject Miller forcibly or in any unlawful or fraudulent manner. We know of no law or rule, however, which prevented the company from making its position on the contract known to Miller.

Therefore, without deciding at this point whether defendants were right or wrong about Miller's occupancy rights being terminated when full payment was made at the end of five years, we first consider whether Miller waived any right to continue to reside in the ranch home if he did in fact make his residence and home elsewhere. In other words, was the notice to quit, without more, sufficient to render the action of Miller in moving from the ranch home involuntary rather than voluntary— if he did in fact make his residence and home elsewhere?

There is a significant statement in 92 C. J.S. Waiver p. 1055, to the effect that the voluntary character of an act relied upon to show waiver must not be confused with the reasons prompting such act; that a person's actions may be due to cogent reasons and yet be entirely voluntary.

This statement from C.J.S. was cited with approval in City of Houston v. Howe & Wise, Tex.Civ.App., 323 S.W.2d 134, 145. In that case the court said economic necessity or the need for money may have been a reason for signing a waiver, but that did not render the waiver involuntary. The court held the waiver voluntary as a matter of law despite a jury's finding to the contrary.

To point up the kind of thing it takes to make a waiver involuntary, we call attention to the fact that the statement we have referred to from 92 C.J.S. Waiver p. 1055, is followed with the statement that a waiver which is obtained by fraud or duress is, of course, ineffective. In the case before us, plaintiff has failed to allege or claim anything which could conceivably amount to fraud or duress.

What the supreme court of Oklahoma held in Wallace v. Williams, Okl., 313 P.2d 784, 787, is persuasive authority for our case. Plaintiffs in that case had alleged in their petition that defendants interfered with their quiet enjoyment of premises, demanding that plaintiffs abandon occupancy of their living quarters and demanding an increase in the rentals. The court said such demand "whether valid or otherwise," without affirmative action, would not be such an act as would deprive a tenant of the possession, use or enjoyment of the premises.

Also, in Giese v. Weeden, 165 Kan. 551, 196 P.2d 207, 212, the supreme court of Kansas held that, despite several written and oral notices to vacate, a conclusion of law was justified to the effect that the landlord's entry upon the land in controversy was peaceably effected without exercise of force.

Defendants made a motion in the trial court for judgment on the pleadings pursuant to Rule 12(c), W.R.C.P. It was denied. They then made a motion for summary judgment under Rule 56, W.R.C.P. It was not acted upon. Instead, an "Order and Judgment" was entered. It recited that hearing was had on objections which defendants had made to certain interrogatories. The objections were sustained.

It is recited in the order and judgment that the court then proceeded to trial of the issues and it appeared plaintiff had no further evidence by virtue of the fact objections to his interrogatories were sustained. The findings and judgment were generally for defendants and against plaintiff, with a specific finding that the agreement relating to the occupation of the premises is void for want of mutuality.

The most Miller can claim is the right to continue to reside in the ranch home "until such time as he may make his residence and home elsewhere." If he did in fact make his residence and home elsewhere, he waived any right to again occupy the ranch home—provided such waiver was voluntary and not procured by fraud or duress.

On the basis of the authorities we have cited and our own judgment in the matter, we hold the notice to quit which Triangle caused to be served on Miller was not sufficient to render a waiver by Miller involuntary, if he has made his residence and home elsewhere. This would be true even though such notice may have been a reason for Miller moving from the ranch home.

Plaintiff made a motion for new trial in the district court. Nothing in that motion and nothing presented to us on appeal suggests any possibility that additional facts can be pleaded or proved to show Miller's removal from the ranch home was obtained by fraud or duress, or by anything other than the notice to quit which was served by Triangle's attorney.

However, in view of the motion of defendant's for summary judgment, we think the trial court should have determined whether there is a genuine issue of fact on the question of whether Miller made his residence and home somewhere besides at the ranch home when he left such home. This still should be done.

If it be determined that plaintiff did make his residence elsewhere and that there is no genuine issue of fact on this question, then summary judgment for defendants would be in order. If there is a genuine issue of fact on such question, then it and all other issues involved in this case should be fully and properly tried.

Remanded for further proceedings consistent with this opinion.

PARKER, Justice (concurring in the result).

Since the trial court denied the motion for judgment on the pleadings, failed to act on the motion for summary judgment, and issued judgment on the merits without a hearing or providing an opportunity for one, I concur that the judgment was improvidently entered and the cause should be remanded for proper action of the trial court. However, under these circumstances, discussing other aspects of the case is unwarranted and would seem to be in the nature of an advisory opinion.